[No. 31671-1-I.  Division One.  January 17, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. S.M.H., *Appellant.*

*In the Matter of the Personal Restraint of* S.M.H., *Petitioner.*

*Mary Jane Ferguson* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Terri Rae Luken, Deputy*, for respondent.

SCHOLFIELD, J.* — S.M.H., a juvenile, appeals the trial court's order denying his motion to modify the portion of his disposition requiring him to register as a sex offender under RCW 9A.44.130. S.M.H. argues that the sex offender registration statute does not apply to juveniles who are found to have committed an offense with sexual motivation under the juvenile sexual motivation statute, RCW 13.40.135. He alternatively argues that if he is required to register as a sex offender, the sentencing court exceeded its jurisdiction by refusing to order the termination of that requirement when he turns 21. S.M.H. also asserts that, when applied to juveniles, the sex offender registration statute constitutes cruel and unusual punishment. S.M.H.'s personal restraint petition makes the same challenges and has been consolidated with this appeal. We affirm the trial court's order but grant the personal restraint petition.

On July 16, 1991, in the juvenile department of superior court, S.M.H. was found to have committed one count of second degree burglary with sexual motivation.[1] That adju-

---

*This opinion was filed after the retirement of Judge Jack P. Scholfield, but it was signed by Judge Scholfield prior to his retirement.

[1]The parties agree that the charging document, which is not part of the appellate record, made a special allegation of sexual motivation under the adult

dication resulted from an incident in which S.M.H. broke into a home, entered a bedroom, and stole a vibrator and a box of condoms. *State v. Halstien*, 65 Wn. App. 845, 829 P.2d 1145 (1992), *aff'd*, 122 Wn.2d 109, 857 P.2d 270 (1993).

At the disposition hearing, the trial court gave S.M.H. written notice of his statutory duty to register as a sex offender.[2] A handwritten note appearing above S.M.H.'s signature on the notice reads: "I reserve the right to challenge this at a later hearing but will observe these requirements until a court orders otherwise."

S.M.H. subsequently appealed his disposition. In that direct appeal, S.M.H. did not challenge the registration requirement. The Court of Appeals affirmed the disposition (*see Halstien*, 65 Wn. App. at 856), and the Supreme Court granted S.M.H.'s petition for review.

While his petition for review was pending, S.M.H. filed in juvenile court a "Motion to Modify Invalid Sentence" which alleged that the juvenile court lacked statutory authority to require him to register as a sex offender under RCW 9A.44.130. That motion alternatively alleged that if he were required to register, the juvenile court's jurisdiction over the matter would terminate when he turned 21. S.M.H. then moved to consolidate his motion to modify with his petition for review. The Supreme Court denied that motion to consolidate but allowed S.M.H. to supplement his petition to argue about the registration requirement. *State v. Halstien*, 122 Wn.2d 109, 115, 857 P.2d 270 (1993).

On September 28, 1992, the juvenile court denied S.M.H.'s motion to modify with the following written order:

> This matter could have been raised at first appeal. Court denies without prejudice Respondent's motion to terminate registra-

---

sexual motivation statute, RCW 9.94A.127, rather than the juvenile sexual motivation statute, RCW 13.40.135.

[2]RCW 10.01.200 requires the trial court to give notice of the duty to register as follows:

"The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of RCW 9A.44.130. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant."

tion requirement at age 21, with leave to raise this issue at a later time as appropriate.

The Supreme Court affirmed S.M.H.'s disposition on August 19, 1993, but did not address the registration issue. *Halstien*, 122 Wn.2d at 129-30.

S.M.H. timely appealed the juvenile court's order denying his motion to modify and filed a personal restraint petition which is consolidated with this appeal.

We initially are presented with the issue of whether we should review S.M.H.'s direct appeal of the registration requirement. The State contends that we should refuse to review S.M.H.'s challenge to the registration requirement in this context because he failed to raise that issue during the initial direct appeal of his disposition. However, given our decision below to grant S.M.H.'s personal restraint petition, we need not decide the viability of S.M.H.'s direct appeal.

The second issue presented is whether we should reach the merits of the registration argument through S.M.H.'s personal restraint petition. The State contends that S.M.H. has failed to meet the burdens associated with a personal restraint petition.

To justify collateral review of a conviction or a sentence, a petitioner must first show the "facts upon which the petitioner's claim of unlawful restraint is based", along with "the evidence reasonably available to support the factual allegations". *In re Williams*, 111 Wn.2d 353, 364, 759 P.2d 436 (1988); *see also In re Cook*, 114 Wn.2d 802, 792 P.2d 506 (1990). "[T]he appellate court . . . will reach the merits of a nonconstitutional issue when the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cook*, 114 Wn.2d at 813.

To determine whether S.M.H. has demonstrated that his registration requirement is based on "a fundamental defect" that results in "a complete miscarriage of justice", we must address the merits of his argument, and thus we must decide whether the sex offender registration statute applies to juvenile offenders found to have committed an offense with sexual motivation. S.M.H. maintains he is not subject to the

registration requirement because the registration statute's definition of "sex offense" does not expressly include the juvenile sexual motivation statute, RCW 13.40.135, and the juvenile court had to have made its finding of sexual motivation under RCW 13.40.135 because S.M.H. is a juvenile.[3] The State argues that the omission of RCW 13.40.135 from the applicable definition of "sex offense" was merely a drafting error, and reading the registration statute and the sexual motivation statutes as a whole reveals the Legislature's intent to require juveniles to register if they are found to have committed a felony with sexual motivation.

The registration statute reads in pertinent part:

(1) *Any adult or juvenile* residing in this state who has been found to have committed or has been convicted of *any sex offense* shall register with the county sheriff for the county of the person's residence.

. . . .

(6) "Sex offense" for the purpose of RCW 9A.44.130 . . . means any offense defined as a sex offense by RCW 9.94A.030.

(Italics ours.) RCW 9A.44.130.

The term "sex offense" is defined by RCW 9.94A.030(31) as follows:

(a) A felony that is a violation of chapter 9A.44 RCW or RCW 9A.64.020 or 9.68A.090 or that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

(b) *A felony with a finding of sexual motivation under RCW 9.94A.127*; or

(c) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

(Italics ours.)

As mentioned above, the Supreme Court did not address the registration issue. However, the court noted in passing that

[i]t is unclear whether a juvenile such as Halstien has to register. The registration statute defines "sex offense" as including

---

[3]Under RCW 13.04.450, "[t]he provisions of chapters 13.04 and 13.40 RCW, as now or hereafter amended, shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided."

felonies committed with a finding of sexual motivation under the *adult* sexual motivation statute, RCW 9.94A.127, but does *not* include felonies committed with sexual motivation under the *juvenile* statute, RCW 13.40.135. *See* RCW 9A.44.130(6); RCW 9.94A.030. Therefore, juveniles convicted under RCW 13.40.135 do not appear to have committed a "sex offense" as that term is defined in the registration statute.

*Halstien*, 122 Wn.2d at 129.

A review of the relevant legislation tends to support the conclusion that the Legislature intended to include, but inadvertently omitted, the juvenile sexual motivation statute in the definition of "sex offense" for purposes of the registration statute. When the Legislature enacted Laws of 1990, ch. 3, it not only enacted the registration statute in section 402, but it also adopted sections 601 through 605 as follows:

1. Section 601 enacted the adult sexual motivation statute, RCW 9.94A.127.

2. Section 602 amended the definition of "sex offense" under RCW 9.94A.030 to include "[a] felony with a finding of sexual motivation *under section 601 of this 1990 act*". (Italics ours.) Laws of 1990, ch. 3, § 602(29)(b), p. 64.

3. Section 603 amended the adult sentencing statute to add as an aggravating factor "a finding of sexual motivation *pursuant to section 601 of this 1990 act*". (Italics ours.) Laws of 1990, ch. 3, § 603(2)(e), p. 67.

4. Section 604 enacted the juvenile sexual motivation statute, RCW 13.40.135.

5. Section 605 amended the juvenile disposition statute to add as an aggravating factor "a finding of sexual motivation *pursuant to section 601 of this 1990 act*". (Italics ours.) Laws of 1990, ch. 3, § 605(3)(i)(v), p. 69.

The language in section 605 is an example of how the Legislature sometimes mistakenly refers to a law pertaining to adults when it clearly intended to refer to a law pertaining to juveniles. *Cf. In re Juveniles A, B, C, D, E,* 121 Wn.2d 80, 87, 847 P.2d 455 (1993) (the court noted that the Legislature frequently misuses the word "conviction" to refer to juvenile adjudications, and thus the court could not rely on the Legislature's use of "conviction" in a statute to conclude

that the statute did not apply to juveniles). In section 605, the Legislature must have intended to refer to the juvenile sexual motivation statute, section 604, rather than the adult sexual motivation statute in section 601 because the Legislature was amending the juvenile disposition statute, and the disposition of juvenile offenders is governed by RCW 13.04 and RCW 13.40 "except where otherwise expressly provided." RCW 13.04.450. In light of the Legislature's enactment of the juvenile sexual motivation statute, there would have been no reason, or justification, for the Legislature to rely on the adult sexual motivation statute as an aggravating factor for juvenile dispositions. Instead, the Legislature appears to have inadvertently repeated in section 605 the language it used in section 603 without distinguishing between juveniles and adults.

Similarly, given the broad scope of the registration statute, the Legislature most likely intended the amended definition of sex offense to include a finding of sexual motivation under either the adult sexual motivation statute or the juvenile sexual motivation statute, and the omission of the juvenile statute from the definition was probably unintentional.[4]

■ ■ Nevertheless, we are constrained by the general rule that "[a] court may not read into a statute those things which it conceives the Legislature may have left out unintentionally." *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986); *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982). Moreover, a statute that defines a criminal offense, such as a sex offense, must be strictly construed. *See Jenkins v. Bellingham Municipal Court*, 95 Wn.2d 574, 580, 627 P.2d 1316 (1981). As the *Jenkins* court stated in the context of the offense of driving while under the influence,

[i]t is necessary to keep in mind that we are here concerned with enactments defining offenses. They must be strictly con-

---

[4]Our conclusion that the juvenile sexual motivation statute was inadvertently omitted from the definition of sex offense in RCW 9A.44.130 is enhanced by the fact that that definition also omits any reference to the juvenile code's definition of sex offense. *See* RCW 13.40.020(24).

strued. The court is not at liberty to create offenses through judicial construction. Much less can we do so by supplying legislative omissions or correcting legislative oversight.

(Citations omitted.) *Jenkins*, 95 Wn.2d at 580-81.

While we believe the Legislature meant to include the juvenile statute in the definition of sex offense, the fact remains that it did not do so. In that regard, this case is very similar to *Taylor*. There the Supreme Court was asked to decide whether RCW 46.63.020, as it was originally enacted, decriminalized the crime of felony flight when it decriminalized numerous traffic related crimes and made them traffic offenses. *Taylor*, 97 Wn.2d at 725. RCW 46.63.020 specifically excluded certain offenses from decriminalization, but felony flight was not among them. 97 Wn.2d at 726. The court noted that the Legislature had excluded from decriminalization the misdemeanor offenses of reckless driving and failure to stop, both of which are lesser included offenses of felony flight, and indicated that if the Legislature had thought about felony flight, it would also have excepted it from decriminalization as well. 97 Wn.2d at 727-28. The court reasoned that the determinative question was whether the rules of statutory construction permitted it to add the missing exception of felony flight to RCW 46.63.020. 97 Wn.2d at 728.

In its analysis, the court noted that it had "a long history of restraint in compensating for legislative omissions", but it approved of the rule expressed in *McKay v. Department of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997, 98 A.L.R. 990 (1934) that "the court should not change the language of a statute unless it is 'imperatively required to make it a rational statute'". *Taylor*, 97 Wn.2d at 729 (quoting *McKay*, 180 Wash. at 194). The court went on to divide the relevant case law into three classes:

> The first class of cases includes those in which a party argued the statute represented a legislative omission or mistake, but in which the court was able to postulate why the Legislature may have intended the literal meaning of the statute. In such cases the court has uniformly concluded judicial intervention was unwarranted.

In a second class of cases, the court concedes the Legislature's omission was clearly inadvertent. *While the legislative omission created some inconsistencies, it did not undermine the purposes of the statute. It simply kept the purposes from being effectuated comprehensively. The court in these cases has not supplied the omitted language because it was not "imperative" to make the statute rational.* To do so would have been to arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent. The statutes in these cases remained rational with the omission even though there were inconsistencies in the comprehensive scheme.

The third class of cases is represented by *State v. Brasel*, 28 Wn. App. 303, 309, 623 P.2d 696 (1981). In *Brasel*, the *sole* purpose of the act was to provide new standards for the commitment of criminal defendants. Because of drafting errors in one sentence of the statute, the Governor vetoed the sentence in which the error occurred, eliminating the standard the statute was designed to create. The Legislature did not restore the sentence correcting the drafting error. This omission created the contradiction of the statute containing different conditions for commitment than were required to be negated as a condition of release. Thus a person who qualified for commitment might simultaneously qualify for release. The omission rendered the statute absurd and undermined its sole purpose. The court thus supplied the omitted sentence.

(Citations omitted. Some italics ours.) *Taylor*, 97 Wn.2d at 729-30.

The *Taylor* court concluded that the statutory omission in that case fell within the second class because the Legislature's failure to exclude felony flight from decriminalization was undoubtedly inadvertent but the omission did not undermine the enforcement of either the felony flight statute, which would be enforced as a traffic infraction, or the decriminalization statute. 97 Wn.2d at 730. Hence, the court declined to supply "what [was] unambiguously omitted" from the decriminalization statute. 97 Wn.2d at 731.

Similarly, the Legislature's omission of the juvenile sexual motivation statute from the definition of sex offense in RCW 9.94A.030(31) falls within *Taylor*'s second class of cases. That omission was most likely inadvertent, but it does not under-

mine the effectiveness of the registration statute or the statute defining sex offenses, and adding the juvenile sexual motivation statute to the definition of sex offense is not imperatively required to make any of the statutes rational. *See Taylor*, 97 Wn.2d at 729. Moreover, to add the juvenile sexual motivation statute to the definition of sex offense would be to create an offense by judicial construction. This we may not do. *Jenkins*, 95 Wn.2d at 580-81.

Finally, the omission of the juvenile sexual motivation statute from the definition of sex offense does not make the registration statute ambiguous. *See State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992) ("[a] statute is not ambiguous unless it is susceptible to more than one meaning"). The plain language of the registration statute and its reference to the definition of sex offense is subject to only one meaning: all juveniles who have committed a sex offense must register, and a sex offense does not include committing a felony with sexual motivation under the juvenile statute. When a statute is not ambiguous, a court must determine the Legislature's intent by the language of the statute alone. *Johnson*, 119 Wn.2d at 172; *see also Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991) (an unambiguous statute is not subject to interpretation by the court).

Although S.M.H. was found to have committed a felony with sexual motivation, he did *not* commit a sex offense under the current definition in RCW 9.94A.030(31). He therefore is not required to register as a sex offender under RCW 9A.44.130. Consequently, we need not address the additional arguments S.M.H. makes concerning registration. S.M.H. has demonstrated that he is entitled to the relief he seeks in his petition. *See In re Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990).

The trial court's order denying S.M.H.'s motion to modify is affirmed, but S.M.H.'s personal restraint petition is granted

and the registration requirement is deleted from his adjudication.

WEBSTER and BECKER, JJ., concur.