63 P.3d 792 (2003)
148 Wash.2d 723
STATE of Washington, Respondent,
v.
Dumas A. DELGADO, Petitioner.
No. 71969-1.
Supreme Court of Washington, En Banc.
Argued October 17, 2002.
Decided February 20, 2003.
*793 Donald Lundahl, Tacoma, for Petitioner.
Norm Maleng, King County Prosecutor, Cynthia Gannett, David Seaver, James Whisman, Deputies, Seattle, for Respondent.
David B. Koch on behalf of Nielsen, Broman & Koch, P.L.L.C., amicus curiae.
David B. Koch and Suzanne L. Elliott on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.
JOHNSON, J.
The issue in this case is whether the Persistent Offender Accountability Act (the two-strike statute) for sex offenders includes prior convictions (strikes) which were not specifically listed when Delgado was tried and sentenced for his current offense. We hold that the two-strike statute was unambiguous and did not include any offenses other than those specifically listed. We reverse the Court of Appeals and affirm the sentence imposed on Delgado by the superior court.

FACTUAL AND PROCEDURAL HISTORY
In October 1999, Dumas Augustin Delgado was found guilty of first degree rape of a child[1] and first degree child molestation.[2] At sentencing, the trial court counted Delgado's two offenses as one because they encompassed the same criminal conduct. The trial court declined to count a prior statutory rape conviction from September 1986 as a "strike" under the then existing two-strike statute because statutory rape was not specifically listed as one of the offenses to be counted as a strike under the version of the statute in *794 effect at the time of Delgado's current offense.[3]
The State appealed the trial court's failure to sentence Delgado as a two-strike persistent offender. The Court of Appeals reversed Delgado's sentence and remanded for resentencing, holding Delgado's 1986 statutory rape conviction counted as a strike. State v. Delgado, 109 Wash.App. 61, 33 P.3d 753 (2001).
Delgado petitioned for review, and this court granted review on the sole issue of whether Delgado should be sentenced as a persistent offender.[4]State v. Delgado, 146 Wash.2d 1008, 52 P.3d 520 (2002).

ANALYSIS
To resolve this issue, we look to the statute in effect at the time Delgado committed the crimes. At the time of Delgado's offense, an offender could be sentenced as a persistent offender with only one previous conviction if the offender
(b)(i) Ha[d] been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by a forcible compulsion; (B) murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree, with a finding of sexual motivation;... and
(b)(ii) Ha[d], before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection.
Former RCW 9.94A.030(27)(b)(i-ii) (1998).
We first analyze whether this language is ambiguous. Language is unambiguous when it is not susceptible to two or more interpretations. State v. McGee, 122 Wash.2d 783, 787, 864 P.2d 912 (1993). This statute is unambiguous because there is only one interpretation we can draw from it. The statute expressly lists those qualifying prior convictions which expose an offender to a sentence of life without parole as a two-strike persistent offender. The statute ends with the limiting language "of an offense listed in (b)(i) of this subsection." Statutory rape is not listed. We conclude this list of predicate strike offenses is exclusive, and we can find no basis to add any offenses not listed.
The State argues we should look for a latent ambiguity despite the statute's unambiguous language. A latent ambiguity is apparent only when the language is applied to the facts as they exist and is not apparent on the face of the language. See In re Estate of Bergau, 103 Wash.2d 431, 436, 693 P.2d 703 (1985). The State contends a latent ambiguity exists because two offenders with prior convictions involving similar conduct can be sentenced differently under this statute. As in Delgado's case, an offender whose prior offense is factually similar to a strike offense is not sentenced as a persistent offender if that prior crime is not listed by the statute. Br. of Resp't at 19-20. The State argues this requires us to construe the statute to include a comparability clause. This would allow offenses that are factually comparable to the ones listed also to count as strikes. Br. of Resp't at 18. Similarly, the dissent outlines a comparability analysis it would have us adopt.
*795 We disagree that a comparability analysis is warranted. When statutory language is unambiguous, we look only to that language to determine the legislative intent without considering outside sources. "Plain language does not require construction." State v. Wilson, 125 Wash.2d 212, 217, 883 P.2d 320 (1994). When we interpret a criminal statute, we give it a literal and strict interpretation. Wilson, 125 Wash.2d at 217, 883 P.2d 320. We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language. We assume the legislature "means exactly what it says." Davis v. Dep't of Licensing, 137 Wash.2d 957, 964, 977 P.2d 554 (1999). Here, the legislature unambiguously did not include a comparability clause in the two-strike statute in effect when Delgado committed his offense. Former RCW 9.94A.030(27)(b)(i) (1998). Our inquiry, thus, ends with the plain language before us.
This conclusion is in accord with our prior cases. E.g., State v. Chester, 133 Wash.2d 15, 21, 940 P.2d 1374 (1997) (statute defining "sexual exploitation of a minor" not subject to construction beyond plain language); State v. Mollichi, 132 Wash.2d 80, 87-88, 936 P.2d 408 (1997) (statute requiring restitution to be given at juvenile's disposition hearing is unambiguous and not subject to construction beyond the plain language); State v. Smith, 117 Wash.2d 263, 814 P.2d 652 (1991) (plain language of statute allows any party of interest to seek a revision of a juvenile court commissioner's ruling).
Our conclusion is further supported by a comparison of the two-strike statute in effect at the time of Delgado's offense with the immediately preceding three-strike statute. Significantly, the legislature included a comparability clause in the three-strike offender definition. To be sentenced as a three-strike persistent offender, an offender must be convicted of a most serious offense and have "been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses." Former RCW 9.94A.030(27)(a)(i-ii) (1998). "Most serious offenses" include, in relevant part,
Any felony offense in effect at any time prior to December 2, 1993, that is comparable to a most serious offense under this subsection, or any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a most serious offense under this subsection....
Former RCW 9.94A.030(23)(u) (1998). Thus, the legislature knew how to include comparable offenses in the definition of a persistent offender. Yet, the legislature neither directly included a comparability clause, nor incorporated the definition of "most serious offense," into the definition of two-strike persistent offenders directly following the three-strike definition. "Under expressio unius est exclusio alterius, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other." In re Det. of Williams, 147 Wash.2d 476, 491, 55 P.3d 597 (2002). We therefore presume the absence of such language in the two-strike scheme was intentional.
We find further confirmation of this intentional omission in the addition of a comparability clause in the legislature's recent amendment to the two-strike definition. RCW 9.94A.030(31)(b)(ii) (Laws of 2001, ch. 7, § 2). The amendment is an acknowledgment that, at the time of Delgado's current offense, such a clause did not exist, nor can it be read in.
The Court of Appeals and the dissent err by going beyond the plain language of the statute to find an implied comparability clause.[5]Delgado, 109 Wash.App. at 67, 33 P.3d 753. The Court of Appeals reasoned *796 this result was consistent with its decision in State v. Lawrence, 108 Wash.App. 226, 241, 31 P.3d 1198, 1207 (2001), in which it held that an out-of-state conviction counted as a strike if it was factually equivalent to one listed in the statute. Delgado, 109 Wash. App. at 66-67, 33 P.3d 753. Because we go no further than the plain language of the statute at the time of Delgado's offense, however, we do not look for such a clause where it is not expressly written.
Although the dissent maintains it uses a plain meaning analysis of the statutory language, it outlines a comparability analysis it would have us undertake, despite the conspicuous absence of a comparability clause. Inferring a comparability clause from a legislative omission would make express comparability clauses, like the one in the immediately preceding former three-strike statute, superfluous. As we explain above, we must derive our understanding of the legislature's intent from the plain language before us, especially in matters of criminal sentencing.
The State and the dissent list what they argue are absurd results that stem from our analysis and argue we should correct what they perceive as a legislative error. Again, we disagree. If the omission of a comparability clause for two-strike persistent offenders was a legislative error, any resulting inconsistencies in sentencing do not rise to the level of error this court will correct by inserting statutory language. "This court has exhibited a long history of restraint in compensating for legislative omissions." State v. Taylor, 97 Wash.2d 724, 728, 649 P.2d 633 (1982).
We have noted three broad types of cases in which we find legislative errors. Taylor, 97 Wash.2d at 728-29, 649 P.2d 633. In the first type, a statute contains an omission or mistake, but the court is able to guess why the legislature intended a literal reading of the statute. The court does not correct this type of perceived legislative error. Taylor, 97 Wash.2d at 729, 649 P.2d 633.
In the second type, we will not correct perceived errors if an omission or mistake creates some inconsistencies, but the statute remains rational on the whole. Taylor, 97 Wash.2d at 729, 649 P.2d 633. We will not "arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent." Taylor, 97 Wash.2d at 729, 649 P.2d 633. For example, in State v. Niemann, the Court of Appeals declined to change an effective date of an amendment to a sentencing statute, despite evidence of a legislative error. State v. Niemann, 35 Wash.App. 89, 93-94, 665 P.2d 906 (1983).
Another example of this second type of perceived error is found in State v. S.M.H., 76 Wash.App. 550, 887 P.2d 903 (1995). In S.M.H., the legislature unintentionally omitted the juvenile sexual motivation statute from the definition of sex offense in former RCW 9.94A.030(31)(1995). Nevertheless, the omission did not require judicial correction because it did not undermine the effectiveness of the registration statute or the statute defining sex offenses. S.M.H., 76 Wash.App. at 558-59, 887 P.2d 903. "[A]dding the juvenile sexual motivation statute to the definition of sex offense is not imperatively required to make any of the statutes rational." S.M.H., 76 Wash.App. at 559, 887 P.2d 903. Nor did the omission make the registration statute ambiguous, even though as a result the requirement that S.M.H. register as a sex offender was deleted from his adjudication. S.M.H., 76 Wash.App. at 558, 559-60, 887 P.2d 903.
Here, if inconsistencies exist between the two-strike and three-strike provisions, and if they reflect a legislative error, they belong to this second type of case. Reading the two-strike statute to require only those prior offenses listed does not render the act meaningless. Despite potentially inconsistent sentences for those with prior convictions of rape of a child and the former offense of statutory rape, the act still functions to severely punish most recidivist sex offenders.
The third type of legislative omission, an omission making a statute entirely meaningless, is the only type we will correct. Taylor, 97 Wash.2d at 729, 649 P.2d 633. For example, an omission creating a statute that simultaneously qualifies a person for commitment and release is meaningless. Taylor, 97 Wash.2d at 730, 649 P.2d 633, *797 (citing State v. Brasel, 28 Wash.App. 303, 309, 623 P.2d 696 (1981)). In such a case, the statute is not functional without judicial correction because it is completely ineffective in achieving its purpose. Taylor, 97 Wash.2d at 730, 649 P.2d 633.
No such absurdity occurs here. Any inconsistency in sentencing flowing from the lack of a comparability clause in the former two-strike statute must be addressed by the legislature, which has already acted to add such a clause. By arguing we should make more perfect this statutory scheme, the State and the dissent ask us to impermissibly transgress on the province of the legislature. We decline to do so.

CONCLUSION
In sum, we must interpret the plain meaning of the language the legislature gives us. Because the meaning of language of the former two-strike statute is unambiguous, we will not read into it a clause the legislature omitted. Any resulting sentencing inconsistencies do not rise to the level of those we must correct. Because Delgado's previous conviction for statutory rape is not listed as a strike offense in the former two-strike statute, Delgado was correctly sentenced by the trial court. We reverse the Court of Appeals and affirm Delgado's sentence.
ALEXANDER, C.J., SANDERS, CHAMBERS, OWENS, JJ., and SMITH, J. Pro Tem.
MADSEN, J. (dissenting).
Although an offense may be referred to by its statutory caption, the offense itself is an act or conduct proscribed by law. Therefore, determining whether a prior offense is an "offense listed" in the two strikes statute requires more than merely comparing captions. If the facts satisfying the elements of the defendant's prior offense under a previous statute satisfy the elements of an offense listed in the two strikes statute, I would find that the prior offense qualifies as a strike. Therefore, I respectfully dissent.
Words used in a statute must be considered in the context of the general object, purpose, and subject matter of the statute in order to give effect to the legislature's intent. Strenge v. Clarke, 89 Wash.2d 23, 569 P.2d 60 (1977). When the language of a statute is plain, there is no room for judicial construction because the legislative intent is determined solely from the language used by the legislature. Bravo v. Dolsen Cos., 125 Wash.2d 745, 752, 888 P.2d 147 (1995). Further, under the "plain meaning" rule "`examination of the statute in which the provision at issue is found, as well as related statutes or other provisions of the same act in which the provision is found, is appropriate as part of the determination whether a plain meaning can be ascertained.'" City of Seattle v. Allison, 148 Wash.2d 75, 81, 59 P.3d 85, 88 (2002) (quoting Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 10, 43 P.3d 4 (2002), and citing C.J.C. v. Corp. of the Catholic Bishop, 138 Wash.2d 699, 708-09, 985 P.2d 262 (1999)). A court must bear in mind, however, that in satisfying the intent of the statute, a reading that results in absurd results must be avoided because it will not be presumed that the legislature intended absurd results. State v. Vela, 100 Wash.2d 636, 641, 673 P.2d 185 (1983); State v. Gaines, 109 Wash. 196, 200, 186 P. 257 (1919); see also State v. Fjermestad, 114 Wash.2d 828, 835, 791 P.2d 897 (1990).
At the time of the defendant's sentencing, RCW 9.94A.030(27)(b)(ii) included within the "persistent offender" definition a defendant who
[h]as, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection. A conviction for rape of a child in the first degree constitutes a conviction under subsection (27)(b)(i) only when the offender was sixteen years of age or older when the offender committed the offense.
Former RCW 9.94A.030(27)(b)(ii) (1999) (emphasis added).
The majority reasons that the unambiguous meaning of the term "offense" is that the statutory captions, or titles, of the listed crimes identify those "offenses" intended to be encompassed by the two strikes law. *798 While I agree that the word "offense" is unambiguous, I do not accept the majority's reasoning. It is neither reasonable nor rational to believe that the word "offense" refers solely to a statute's caption because such a reading leads to absurd results and defeats the legislature's intent to provide increased penalties for repeat sex offenders, whether they were previously convicted in this state or in another.
Applying the majority's interpretation, an "exclusive list" of statutes based upon their captions would read out of the two strikes law nearly all prior out-of-state and federal convictions, as well as any prior in-state conduct for which the perpetrator was convicted under a previous statute. For example, under the majority's analysis, a prior conviction for an out-of-state or federal offense with the same statutory caption as a "listed offense" would result in a life sentence, while a Washington conviction of a crime with the same elements but a different caption would not. At the same time, under the majority's reading, out-of-state and federal convictions of a crime with the same elements but different captions would not result in a strike. Some prior Washington convictions for sexual offenses would count but not others, and some prior Washington convictions for sexual offenses would be treated differently than out-of-state convictions. Moreover, one could not count Washington sex offenses against children prior to 1988 as strikes, but could count pre-1988 out-of-state convictions as strikes.
To avoid these absurd results and to effectuate the legislature's intent, we need only apply the plain and proper meaning of the word "offense." Words in a statute are given their ordinary and common meaning absent a contrary statutory definition, and courts may resort to dictionaries to ascertain the common meaning of statutory language. Budget Rent A Car Corp. v. Dep't of Licensing, 144 Wash.2d 889, 899, 31 P.3d 1174 (2001). An "offense" is an act clearly prohibited by the lawful authority of the state, providing notice through published laws. BLACK'S LAW DICTIONARY 1081 (6th ed.1990); see also State v. Sykes, 434 So.2d 325 (Fla.1983). An offense is a breach of moral or social conduct or an infraction of law. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1566 (1993). A crime, or misdemeanor, is an act committed, or omitted, in violation of a public law either forbidding or commanding it. Schick v. United States, 195 U.S. 65, 69, 24 S.Ct. 826, 49 L.Ed. 99 (1904) (quoting 4 William Blackstone, Commentaries 5).[1] The statutory caption merely aids our reference to particular prohibited conduct; it does not define the offense. The definition of the prohibited conduct is necessarily derived from all the words in the body of the statute describing the offense.
The majority says that this court should not simply read a comparability or "catch all" provision into former RCW 9.94A.030(27)(b)(ii) where the statute did not include such a broad provision at the time that Delgado was sentenced. I agree. However, that does not mean that the majority's exceedingly narrow interpretation of the statute is correct and consistent with the legislature's intent. It is clear that the legislature intended to severely punish a perpetrator's second act of prohibited conduct. I would therefore hold that the word "offense" in the two strikes statute plainly directs our courts to determine whether the perpetrator's conduct, for which he was previously convicted, would have met the current statutory definition of a listed offense. If so, then the prior conviction should qualify as a strike even if the caption of the statute under which the perpetrator was convicted is different from an "offense listed."
Under this analysis, the legislature's use of the word "offense" is given substantive meaning as the criminal conduct that actually constitutes the offense rather than a superficial definition that varies depending solely on what a legislature names a crime, in this jurisdiction or another. It is a matter of what the word "offense" means, not whether a comparability clause should be read into the statute. This approach avoids absurd *799 results, serves the legislature's intent, and is consistent with the analysis this court uses to resolve how to count prior convictions for sentencing purposes generally.
As to the latter, in order to establish the defendant's criminal history for sentencing purposes, the State must prove by a preponderance of the evidence that a prior conviction exists. Former RCW 9.94A.110 (1999), recodified as RCW 9.94A.500; State v. Ammons, 105 Wash.2d 175, 186, 713 P.2d 719 (1986), 718 P.2d 796 (1986). In order to classify a prior out-of-state conviction, the sentencing court must compare the elements of the out-of-state offense with the elements of potentially comparable then-existing Washington crimes. State v. Morley, 134 Wash.2d 588, 606, 952 P.2d 167 (1998); State v. Wiley, 124 Wash.2d 679, 684, 880 P.2d 983 (1994); State v. Weiand, 66 Wash.App. 29, 31-32, 831 P.2d 749 (1992). If the elements are not identical or if the Washington statute defines the offense more narrowly than does the foreign statute, it may be necessary to look into the record of the out-of-state conviction to determine whether the defendant's conduct would have violated the comparable Washington offense. Morley, 134 Wash.2d at 606, 952 P.2d 167. A court may consider an indictment or information to determine whether underlying prior conduct satisfies elements of the Washington offense. Id. However, if facts and allegations contained in the record of prior proceedings are not directly related to the elements of the previously charged offense, those facts may be insufficiently proved and unreliable. Id.[2]
A similar analysis should be applied here. First, the elements of the prior and current offenses should be compared. If they are the same, the prior offense should count as a strike regardless of its caption or title. If the elements are not identical, then the court should engage in a limited examination of the prior record to determine whether suitably established facts satisfying the elements of the prior offense also satisfy the elements of an offense listed in the two strikes law. The court may also rely on information admitted or acknowledged by the defendant. See former RCW 9.94A.370(2) (1999), recodified as RCW 9.94A.530(2); see also State v. Majors, 94 Wash.2d 354, 616 P.2d 1237 (1980) (where defendant was held to stipulation to facts constituting a charge of being an habitual offender).
In the present case, Delgado was convicted in 1986 under former RCW 9A.44.070 (1986), which provided:
Statutory rape in the first degree. (1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.
(2) Statutory rape in the first degree is a class A felony....
That statute was repealed in 1988 and replaced by RCW 9A.44.073, an "offense listed" under the two strikes statute, which provides:
Rape of a child in the first degree. (1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.
(2) Rape of a child in the first degree is a class A felony.
The elements are not identical. However, a set of facts that support a conviction of statutory rape under the prior statute would necessarily support a conviction of child rape in the first degree, except for the latter statute's additional "not married to the perpetrator" element.[3]
*800 While it is doubtful that the defendant was married to the victim in the 1986 case, the limited record before this court does not disclose whether he was or not. I would remand this case to determine if this fact can be properly ascertained from the record of the prior case or by defendant's admission or acknowledgement. Also, to satisfy the persistent offender definition, the defendant must have been 16 years of age or older at the time he committed the prior offense. Whether the defendant was 16 at the time of the offense should also be determined on remand, although the inclusion of this requirement in the two strikes law apart from any reference to the prior offense clearly shows that it is to be established without regard to the prior record. If on remand the State were to prove by a preponderance of the evidence that at the time the defendant committed statutory rape he was at least age 16 and not married to the victim, then the defendant's conduct that resulted in his previous conviction would be exactly the conduct required for a conviction of child rape in the first degree and would thus be a strike.
For the reasons stated I dissent from the majority opinion and would remand this matter for a determination of whether the defendant is a persistent offender under the two strikes law.
NOTES
[1] In violation of RCW 9A.44.073.
[2] In violation of RCW 9A.44.083.
[3] The legislature has since amended this statute to include a comparability clause. The two-strike statute now requires the sex offender to have,

before the commission of the offense [listed above], been convicted as an offender on a least one occasion, whether in this state or elsewhere, of an offense listed "[above] or any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed [above]."
RCW 9.94A.030(32)(b)(ii) (Laws of 2001, ch. 7, § 2) (emphasis added).
[4] Delgado had also appealed his conviction for first degree rape of a child, but this court declined to review that issue.
[5] The Court of Appeals further erred when it essentially applied the amendment retroactively. It held the amendment controlled its decision because "it is clear that the Legislature amended the statute to address potential ambiguity regarding cases such as the one presently before the court." Delgado, 109 Wash.App. at 68, 33 P.3d 753. This reasoning ignores the strong presumption against retroactive application of statutory amendments that is deeply rooted in our jurisprudence and "`is an essential thread in the mantle of protection that the law affords the individual citizen.'" State v. Smith, 144 Wash.2d 665, 673, 30 P.3d 1245 (2001) (quoting State v. Cruz, 139 Wash.2d 186, 190, 985 P.2d 384 (1999)).
[1] Prohibitions of certain conduct are communicated through statutes, which are merely a string of words that communicate permissible limits on behavior, and prescribe sanctions for their violation. See St. Thomas Aquinas, Summa Theologica, Question 90 Art. 1 (1273).
[2] The best evidence of a prior conviction is a certified copy of the judgment. State v. Cabrera, 73 Wash.App. 165, 168, 868 P.2d 179 (1994). The State may also introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history. Id. To satisfy due process, sentencing may not be predicated on any information that is false, has minimum indicia of reliability, or is unsupported in the record. State v. Ford, 137 Wash.2d 472, 481, 973 P.2d 452 (1999).
[3] In State v. Aho, we held that an individual cannot be convicted of a crime under a statute that the legislature had not enacted at the time the conduct allegedly constituting the offense occurred. State v. Aho, 137 Wash.2d 736, 975 P.2d 512 (1999). Here, the question is not whether the defendant can be convicted of an offense under a statute that had not been enacted at the time of his prior conduct, but rather whether that conduct, which resulted in a conviction under a prior statute, would also satisfy the elements of the current statute. One is a question of whether the defendant can be convicted of a crime at all; the other is a sentencing issue involving an existing prior conviction and the conduct underlying it.