2014 AUG 11 AM 9: 55


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of Alberto S. Lane. | No. 70644-6-I |
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | |
| | PUBLISHED OPINION |
| v. | |
| | FILED: August 11, 2014 |
| ALBERTO S. LANE, | |
| Appellant. | |

BECKER, J. — The statute that governs mental health services for minors, including involuntary commitment proceedings, states: "Rules of evidence shall not apply in fourteen-day commitment hearings." RCW 71.34.740(9). Because this provision conflicts irreconcilably with court rules, it is unconstitutional.

Appellant Alberto Lane was admitted involuntarily to Seattle Children's Hospital on June 29, 2013. Two physicians signed the petition to commit Lane for a 14-day period of involuntary treatment. The petition was heard on July 2, 2013.

At the beginning of the hearing, Lane asked the court to invalidate RCW 71.34.740(9) as a violation of the separation of powers doctrine and to apply the

rules of evidence. The court rejected the constitutional challenge, and the hearing proceeded.

The sole witness for the State was Paul Samuelson, an advanced registered nurse practitioner specializing in psychiatric mental health at Seattle Children's Hospital. Samuelson testified to his opinion that Lane met the criteria for commitment. Samuelson said his opinion was based in part on an interview he had conducted with Lane, and in part on medical chart notes, information from other medical providers, and conversations with family.

The State asked Samuelson questions aimed at establishing that to the extent his testimony was based on hearsay, it was admissible under the exceptions for business records or for medical diagnosis and treatment. Lane objected that Samuelson was relying on medical charts that were not created at Seattle Children's Hospital, and that his testimony did not make a clear distinction as to what was said by Lane and what was said by others. The trial court overruled these objections.

The court granted the petition to commit Lane. Lane appeals. He contends that RCW 71.34.740(9) violates the separation of powers doctrine by suspending the application of the rules of evidence in direct conflict with ER 101 and ER 1101.

Because Lane was released from detention at the end of the 14-day commitment, this court cannot provide effective relief. Lane contends, and the State accepts, that the issue deserves appellate review even though the case is moot. We agree. The issue presented is public in nature, it is likely to recur, and

it is desirable to have an authoritative determination to provide future guidance to public officers. See, e.g., Dunner v. McLaughlin, 100 Wn.2d 832, 838, 676 P.2d 444 (1984) (the need to clarify the statutory scheme governing adult civil commitment proceedings is a matter of continuing and substantial public interest).

Issues of constitutional and statutory interpretation are questions of law that are reviewed de novo. State v. Gresham, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). A statute is presumed constitutional and will not be declared unconstitutional unless it clearly appears to be so. State ex rel. Morgan v. Kinnear, 80 Wn.2d 400, 402, 494 P.2d 1362 (1972). A party challenging the constitutionality of a statute bears the burden of proving it unconstitutional beyond a reasonable doubt. State v. Brayman, 110 Wn.2d 183, 193, 751 P.2d 294 (1988).

The power to prescribe rules for procedure and practice is one of the court's inherent powers. State v. Smith, 84 Wn.2d 498, 501, 527 P.2d 674 (1974). The legislature also has the power to create rules governing court procedure. If there is a conflict between the court rules and a statute, the court should first attempt to harmonize the rules. Gresham, 173 Wn.2d at 428-29. When the rules cannot be harmonized, the court rule prevails in procedural matters, and the statute prevails in substantive matters. Gresham, 173 Wn.2d at 429.

In Gresham, the court considered a statute that made evidence of a defendant's prior sex offenses admissible "notwithstanding Evidence Rule

404(b)." Gresham, 173 Wn.2d at 426. The court held that this statute violated the separation of powers doctrine by producing an irreconcilable conflict with ER 404(b). Gresham, 173 Wn.2d at 432.

Here the statutory provision in question is RCW 71.34.740(9), one short subsection in a comprehensive statutory scheme. RCW 71.34, enacted in 1985, addresses the mental health care and treatment of minors procedurally as well as substantively. See RCW 71.34.010 (statement of legislative purpose). In enacting the statute, the legislature repealed former RCW 72.23.070 (1983). LAWS OF 1985, ch. 354, § 34. Former RCW 72.23.070 did not restrict application of the rules of evidence.

Chapter 71.34 RCW parallels chapter 71.05 RCW in many respects. It follows the same time frame by requiring a hearing within 72 hours of involuntary detention and permitting commitment for periods of 14 and 180 days. It uses the same definitions for the circumstances under which involuntary commitment is permitted. But in proceedings under chapter 71.05 RCW, a detainee has the right "to be proceeded against by the rules of evidence." RCW 71.05.360(8)(c). Under chapter 71.34 RCW, the rules of evidence "shall not apply in fourteen-day commitment hearings." RCW 71.34.740(9).

The Supreme Court adopted the current rules of evidence in 1978 and implemented them in 1979. 91 Wn.2d 1117. Under ER 101, the rules of evidence are applicable to all Washington court proceedings except to the extent and with the exceptions provided in ER 1101. ER 1101(c) provides that the rules of evidence need not be applied in certain circumstances, including:

4

(3) *Miscellaneous Proceedings.* Proceedings for extradition or rendition; detainer proceedings under RCW 9.100; preliminary determinations in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; proceedings with respect to release on bail or otherwise; contempt proceedings in which the court may act summarily; habeas corpus proceedings; small claims court; supplemental proceedings under RCW 6.32; coroners' inquests; preliminary determinations in juvenile court; juvenile court hearings on declining jurisdiction; disposition, review, and permanency planning hearings in juvenile court; dispositional determinations related to treatment for alcoholism, intoxication, or drug addiction under RCW 70.96A; and dispositional determinations under the Civil Commitment Act, RCW 71.05.

Under ER 1101(c)(3), there are several categories of juvenile proceedings to which the rules of evidence need not apply. Juvenile 14-day involuntary commitment proceedings occurring under chapter 71.34 RCW are not among the stated exceptions.

Mindful of its duty to attempt to harmonize RCW 71.34.740(9) with ER 101 and ER 1101, the trial court noted that within a year of the effective date of chapter 71.34 RCW, the Supreme Court amended the mental proceedings rules (MPR) by rescinding MPR 2.5, a provision titled "Juvenile Court Proceedings." 107 Wn.2d 1101 (1986). Former MPR 2.5 supplemented former RCW 72.23.070. It required release from detention after a year unless another petition was filed, it defined terms used in the former statute, and it established that a facility seeking to prevent the release of a minor would have to file objections equivalent to a petition for initial involuntary detention. Now the rule only states, "Rescinded. See RCW 71.34." MPR 2.5.

The trial court concluded that by stating "See RCW 71.34," the Supreme Court was implicitly recognizing RCW 71.34.740(9) as an exception to the rules

5

of evidence. The court perceived an analogy to the treatment of the business records exception to the hearsay rule in ER 803(a)(6), a rule that states, "Reserved. See RCW 5.45."

The trial court's attempt to harmonize RCW 71.34.740(9) with ER 101 and ER 1101 does not overcome the plain language of the evidence rules. Court rules are to be interpreted in the same way as statutes. State v. George, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007). In interpreting a statute, we are constrained by the general rule that a court may not read into a statute those things which it conceives the legislature may have left out unintentionally. State v. S.M.H., 76 Wn. App. 550, 556, 887 P.2d 903 (1995); Restaurant Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003); State ex rel. Hagan v. Chinook Hotel, Inc., 65 Wn.2d 573, 578, 399 P.2d 8 (1965). The same is true in interpreting a court rule.

ER 101 conveys the plain message that the rules of evidence will apply in all court proceedings in Washington unless an exception is stated in ER 1101. No exception for juvenile 14-day commitment hearings is found in ER 1101. This point is made even clearer by the drafters' comments on an amendment made to ER 1101(c)(3) in 2010. According to the comments, the 2010 amendment clarified that certain juvenile proceedings under chapter 13.32 RCW and chapter 13.34 RCW are exempt from the rules of evidence. The comments state that the drafters "do not intend for juvenile hearings other than those listed above (under whichever RCW sections govern them in future) to be exempt from the Rules of Evidence." 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND

PRACTICE, § 1101.1 author's cmt. n.5.80, at 40 (5d ed. Supp. 2013) (drafters' comment, 2010 amendment).

We cannot infer that the rescinding of former MPR 2.5 was intended to ratify the statutory exemption of juvenile 14-day commitment hearings from the rules of evidence in the absence of language expressly saying so. The rescinding of former MPR 2.5 was more likely a recognition that procedures designed to supplement former RCW 72.23.070 are no longer needed.

The State argues that the reference to the statute in MPR 2.5—"See RCW 71.34"—is comparable to ER 803(a)(6), which states "See RCW 5.45." ER 803(a)(6) defers to a statute for the wording of the business records exception to the hearsay rule. The State contends MPR 2.5 similarly defers to a statute's decision not to apply the rules of evidence. We disagree. The two provisions are not comparable. ER 803(a)(6) is itself an evidence rule. MPR 2.5 is not. If the court had intended to defer to RCW 71.34.740(9), that decision would be reflected in the rules of evidence.

The State suggested at oral argument that it may have been an oversight that the list of juvenile proceedings exempted from the rules of evidence by ER 1101 does not include juvenile 14-day commitment hearings. We cannot add words to a rule that we think the Supreme Court should have used or may have intended to use. We may not read an exemption into ER 1101(c)(3) based on speculation that the court left it out unintentionally.

7

RCW 71.34.740(9) prohibits the application of the rules of evidence in juvenile 14-day commitment hearings. ER 101 and ER 1101 compel their application. The conflict is irreconcilable.

Following <u>Gresham</u>, we hold that the rules of evidence prevail. RCW 71.34.740(9) is unconstitutional. The rules of evidence must be applied in juvenile 14-day commitment hearings. For proponents of the statute who wish to eliminate the conflict, the proper procedure is to seek a change in the rules of evidence.

This disposition makes it unnecessary for us to consider Lane's alternative argument that RCW 71.34.740(9) is a violation of due process. And because the case is moot, we need not address the State's argument that Samuelson's testimony would have been admissible under the rules of evidence.

The trial court erred and is reversed.


WE CONCUR: