GORDON McCLOUD, J. (concurring)
¶ 27 I agree with the majority that the statute criminalizing possession of a stolen vehicle, ROW 9A.56.068(1), describes a single means crime. Majority at 437.
¶ 29 I also agree that the five different definitions of "possess" contained in RCW 9A.56.140(1), which defines the element of possession contained in that RCW 9A.56.068(1) crime, does not change this fact: those definitions do not change the single means crime into an alternative means crime (or crimes). Majority at 439.
¶ 30 But I disagree with the majority's conclusion that the trial court's instructions in this case made that clear to the jury. In fact, even the majority is forced to admit that listing a series of five possible ways of defining the word "possess"-at least one of which, "dispose," sounds like the opposite of "possess"-without the disjunctive "or" that appears in the statutory definition is "ambiguous at worst." Majority at 441-42 (citing Clerk's Papers at 26).
¶ 31 I would have stopped with that astute observation. It doesn't matter how long we read the jury instruction containing the list without the conjunction (or disjunction) "in the context of the instructions as a whole." Id. It remains ambiguous.
¶ 32 The majority says that the fact that a separate definitional instruction included the disjunctive, while the elements instruction lacked the disjunctive, shows that the jury would have known that the elements instruction really meant to include the omitted disjunctive. Majority at 441-42. But our interpretive rules compel just the opposite conclusion: the fact that certain language is included in one place but omitted from another place is generally read as evidence that the author knew how to include the limiting language when it wanted to and his or her omission of such language should be deemed intentional. E.g., State v. J.P. , 149 Wash.2d 444, 450, 69 P.3d 318 (2003) ; State v. Delgado , 148 Wash.2d 723, 727-28, 63 P.3d 792 (2003) ; Jepson v. Dep't of Labor & Indus. , 89 Wash.2d 394, 403, 573 P.2d 10 (1977). It's hard to believe that a jury would have sorted through such competing rules of *444 interpretation-the ones that the majority goes through for several pages as well as the competing one summarized above-and necessarily come up with the correct result.
¶ 33 I would hold that the elements instruction is ambiguous. One could infer that the proper final connector is "or" because that is the connector used in a similar list in a different instruction; or one could infer that the proper final connector should instead be "and" because the connector used in the similar list from the different instruction was omitted from the elements instruction.
¶ 34 For that reason, under the law of the case doctrine,[1] which the majority acknowledges survives in our state, we must evaluate whether the evidence supported a conviction based on each of those listed factors. I believe that the answer is yes: the evidence that the partially stripped stolen car was located in a secluded area provides sufficient circumstantial evidence that Tyler not only "possess[ed]" but also at some point "receive[d]," "retain[ed]," "conceal[ed]," and "dispose[d]" of the property. One can certainly begin the process of disposing of the car by stripping and secreting it.
For these reasons, I concur.
Fairhurst, C.J.

State v. Hickman , 135 Wash.2d 97, 102, 954 P.2d 900 (1998) ; State v. Johnson , 188 Wash.2d 742, 747, 399 P.3d 507 (2017).