IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85721-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| FRANKLIN LOUIS HUTTON, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — Franklin Hutton pleaded guilty to malicious mischief in the second degree and agreed to pay restitution. At the restitution hearing, Hutton requested that the court exercise its discretion and waive his restitution to the insurance provider under RCW 9.94A.753. The court determined it did not have discretion to take such action. The court also noted in its restitution order that it could consider waiving restitution interest under RCW 10.82.090 only if the principal of the restitution is paid in full. Hutton appeals.

FACTS

In 2019, Franklin Hutton pleaded guilty to malicious mischief in the second degree for intentionally damaging Benjamin Alvarez's vehicle. Hutton was riding his bike and was "nearly run off the road" by Alvarez.[1] Hutton confronted Alvarez in a parking lot while Alvarez was still in his car. Hutton used a knife to scrape along the car and then unsuccessfully tried to puncture a tire. Hutton was

_____

[1] Respondent does not deny these facts, but simply refers to the events as a "road rage incident."

apprehended and arrested by police in a nearby parking lot shortly after the incident.

Hutton entered into a plea deal with the State, pleading guilty to second degree malicious mischief and agreeing to pay restitution. The court imposed the low end of the standard range based of Hutton's accountability and success addressing the underlying causes of his behavior. The total amount of damages was $5,759.37. The court also found Hutton indigent under RCW 10.01.160(3).

Three months later, at the restitution hearing, Hutton asked the court to exercise its discretion and reduce his restitution based on his indigence under the newly amended RCW 9.94A.753.[2] Hutton asked the court to waive the $4,759.37 covered by Allstate Insurance Company and limit his restitution to the $1,000 deductible paid by Alvarez. The court declined the request, explaining: "despite the fact that it says I have discretion, I don't think I can exercise that discretion unless you actually join the insurance company." The court appeared to believe that by not imposing restitution it would also be extinguishing any civil claims of the insurance company. The court did note it had the ability to waive interest, but in its order the court declined to waive interest, noting "[o]nly if the principal of the restitution is paid in full may the court consider reducing or waiving the interest."

---

[2] In January 2023 (eight months before Hutton's restitution hearing), the legislature amended RCW 9.94A.753 to authorize the court to relieve a defendant from the obligation to pay restitution to an insurance provider. LAWS OF 2022, ch. 260, §§ 3, 26.

Hutton appeals the judgment and sentence, asserting the court erred when it stated it did not have discretion to relieve Hutton from his obligation to pay restitution to an insurance provider or assess whether restitution interest should be waived.

ANALYSIS

Standard of Review

This court reviews statutory interpretations de novo. State v. Abdi-Issa, 199 Wn.2d 163, 168, 504 P.3d 223 (2022). First, the court must analyze whether the language is ambiguous. State v. Delgado, 148 Wn.2d 723, 726-27, 63 P.3d 792 (2003). If the plain language of the statute is unambiguous, the inquiry ends. State v. J.W.M., 1 Wn.3d 58, 86, 524 P.3d 596 (2023). The language of a statute is unambiguous when only one clear interpretation can be drawn. Delgado, 148 Wn.2d at 727. If more than one reasonable interpretation can be drawn, the court then looks to legislative history " 'as a further indication of legislative intent.' " J.W.M., 1 Wn.3d at 86 (quoting State v. B.O.J., 194 Wn.2d 314, 323, 449 P.3d 1006 (2019)).

Restitution

Hutton contends that the court erred when it failed to recognize its discretion to reduce restitution owed to an insurance provider. The State agrees the court had discretion to reduce restitution but contends that the error was harmless and the court was following the agreement of the parties.

A trial court's application of an incorrect legal analysis or other error of law can constitute an abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166

P.3d 1167 (2007). Failure to exercise discretion is an abuse of discretion.

Kucera v. Dep 't of Transp., 140 Wn.2d 200, 224, 995 P.2d 63 (2000).

> RCW 9.94A.753(3)(b) provides in relevant part:

> At any time, including at sentencing, the court may determine that the offender is not required to pay, or may relieve the offender of the requirement to pay, full or partial restitution and accrued interest on restitution where the entity to whom restitution is owed is an insurer . . . if the court finds that the offender does not have the current or likely future ability to pay. A person does not have the current ability to pay if the person is indigent as defined in RCW 10.01.160(3).

The statute further provides that any civil remedies are not limited by the court's determination of restitution. RCW 9.94A.753(9).

When notification is required, statutes identify such in the language. See e.g., RCW 10.82.090(3)(c) ("The prosecuting attorney *shall* make reasonable efforts to notify the victim entitled to restitution of the date and place of the hearing.") (emphasis added); RCW 9.94A.750(7) ("[A]n offender . . . *may* be ordered by the sentencing court to give notice of the conviction to the class of persons . . . affected.") (emphasis added).

Hutton and the State agree that the court had the discretion to relieve Hutton of the requirement to pay restitution to the insurance company without joining the provider or giving notice. Nowhere in the plain language of RCW 9.94A.753 does it require the insurance company to be joined or given notice prior to the court exercising its discretion to relieve a defendant of restitution obligations. Because the court had discretion to relieve Hutton of the

restitution requirement but failed to exercise that discretion, we conclude that the court erred.

While conceding that the court erred in interpreting its discretion to not impose restitution, the State contends the error was harmless. A harmless error is one made by the court that is "'trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the outcome of the case.'" State v. Havens, 171 Wn. App. 220, 224, 286 P.3d 772 (2012) (quoting State v. Wanrow, 88 Wn.2d 221, 237, 559 P.2d 548 (1977)). When a trial court fails to consider information it should have, the harmless error analysis is not applicable. State v. Brown, 178 Wn. App. 70, 80–81, 312 P.3d 1017 (2013) ("In the absence of [information], we can only speculate as to . . . what effect that information might have had on the outcome. Thus, we cannot assess the probability of a different outcome.").

The court's error was not harmless because the court failed to consider information it should have. The State contends that by agreeing to "pay restitution in full," Hutton waived his right to ask the court to order that he pay a lesser amount of restitution. But, the State does not provide any authority for this assertion. No reason exists to believe Hutton waived his right to make the request. Therefore, the court abused its discretion by failing to exercise its discretion. In light of the current statute, the court erred in not considering Hutton's request to waive restitution to the insurance provider under RCW 9.94A.753(3)(b).

5

Restitution Interest

Hutton asserts that the court erred when it did not recognize its discretion to waive interest on restitution under RCW 10.82.090(2).  The State agrees the court had discretion to waive interest, but contends that the court was not required to consider the statutory factors of RCW 10.82.090(3) on the record.  We agree with Hutton.

RCW 10.82.090(2) addresses waiving interest on restitution not yet ordered, stating: "[t]he court may elect not to impose interest on any restitution the court orders."  Before waiving interest, a court must consider a person's indigence, funds and liabilities, mental health, victim's input, and the interest of justice. RCW 10.82.090(2).  RCW 10.82.090(3) addresses waiving the interest on restitution already imposed: "[t]he court may, on motion by the offender, reduce or waive the interest on legal financial obligations levied as a result of a criminal conviction . . . only if the principal has been paid in full."

The court noted in the restitution order that "[o]nly if the principal of the restitution is paid in full may the court consider reducing or waving the interest."  The language the court cites is from RCW 10.82.090(3)(b), which addresses waiver of restitution on motion by the offender "levied as a result of a criminal conviction."  The language of section (3)(b) concerns only previously imposed restitution interest.  Here, the court has not yet levied the restitution and, therefore, the provision about payment in full is not applicable.

The State does not contend that the court should not have considered RCW 10.92.090(2) generally, only that the court did not need to consider the

factors of RCW 10.82.090(2) because that analysis is only required if the court determines not to impose interest on restitution. The State is likely correct that the factors need not be considered if the court determines not to waive interest on restitution, but that assumes that the court considered whether to impose interest under RCW 10.82.090(2) at all, which it did not. The court did not reach the issue because it believed it did not have the discretion to do so. But because restitution had not yet been imposed, the court did have discretion to waive the interest under RCW 10.82.090(2) and, therefore, should have applied the statute. We conclude that it was error for the court not to have considered waiving interest on restitution under RCW 10.82.090(2).

We vacate the restitution order and remand to the trial court for a new restitution hearing to apply the current restitution statutes when determining whether to impose restitution owed to Allstate Insurance Company and any interest on restitution.

_Smith, C.J._

WE CONCUR:

_Birk, J._          _Chung, J._

7