[No. 46166-4-I.   Division One.   November 5, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. DUMAS DELGADO, *Appellant*.

*Donald B. Lundahl*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Cynthia S.C. Gannett* and *David M. Seaver, Deputies*, for respondent.

*David B. Koch*, amicus curiae.

COLEMAN, J. — Following a bench trial on stipulated facts, appellant Dumas Delgado was convicted of one count of first degree child rape and one count of first degree child molestation. On appeal, Delgado does not dispute the trial court's finding that he digitally penetrated the folds of the victim's external genitalia. Instead, he argues that a conviction for child rape requires a finding that the defendant penetrated the victim's vaginal canal. Delgado asserts that because the record lacks any evidence of such penetration, his child rape conviction must be reversed. But because this court has previously held that any penetration of the female sexual organ constitutes "sexual intercourse" in child rape cases, we affirm Delgado's conviction.

The State is also before this court on appeal from the trial court's decision not to include Delgado's 1986 statutory rape conviction as a strike under the Persistent Offender Accountability Act (POAA). The Legislature recently amended the act to clarify its intention that offenses under prior Washington law that are comparable to the offenses listed in the act are to be counted as strikes. In light of this amendment, this case is remanded for resentencing.

## STATEMENT OF FACTS

On June 30, 1999, eight-year-old A.S. went to Delgado's house to play on the tire swing in his backyard. As Delgado pushed A.S. back and forth on the swing, he repeatedly placed his hand on the outside of her clothing over her vagina. After swinging, the two of them went inside Delgado's home. Delgado put his arms around A.S., put his hand down her pants and inside her underwear, and rubbed her vagina with his fingers. A.S. later told a child interviewer and a defense investigator that Delgado touched her

"up in the inside part of [her] private," "in the folds" of her external genitalia, but that his finger did not go into the "hole" that goes up inside her body.

Delgado was charged with one count of rape of a child in the first degree and two counts of child molestation in the first degree. Following a bench trial on stipulated facts, Delgado was convicted on the child rape charge and one of the molestation charges.[1]

## ISSUES

### 1. Conviction

At trial, Delgado stipulated to the fact that he touched A.S. "up in the inside part of [her] private" and "in the folds" of her external genitalia, but that his finger did not go into the "hole" that goes up inside her body. In its oral findings, the trial court stated that "whereas the defendant did not penetrate the vaginal canal of the child, he did touch the labia minor of the child, which is in the cleft of the labia majora." This finding is unchallenged on appeal.

According to RCW 9A.44.073(1), "[a] person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." Sexual intercourse is defined in RCW 9A.44.010(1):

"Sexual intercourse" (a) has its ordinary meaning and occurs upon any penetration, however slight, and

(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

(c) Also means any act of sexual contact between persons

---

[1] Delgado was acquitted of the second molestation charge, which was based on his conduct while pushing A.S. on the swing. The court found reasonable doubt "as to whether the touching was for the purpose of gratifying the sexual desires of Dumas Delgado or [A.S.], because of the need to guide the swing's path."

involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.

Delgado argues that "sexual intercourse"—as required for a conviction under RCW 9A.44.073 and as defined by RCW 9A.44.010(1)—necessarily involves penetration of the vagina and that the term "vagina" is not defined to include the labia minora. Delgado asserts that because the trial court found that he touched the victim's labia minora but did not penetrate her vaginal canal, the evidence is insufficient to support his child rape conviction. In sum, Delgado's argument hinges on an anatomical distinction between the terms "vagina" and "labia minora."

Where an ambiguity exists in a statue—as suggested in this case by the parties' differing anatomical definitions—"the primary duty of the court in interpreting the statute is to ascertain and give effect to the intent and purpose of the Legislature." *State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996). With this duty in mind, "[w]ords in statutes are to be understood in their ordinary and popular sense." *State v. Cain*, 28 Wn. App. 462, 464, 624 P.2d 732 (1981). Furthermore, a court should construe a statute " 'so as to avoid strained or absurd consequences which could result from a literal reading.' " *In re Det. of A.S.*, 138 Wn.2d 898, 911, 982 P.2d 1156 (1999) (quoting *In re Det. of LaBelle*, 107 Wn.2d 196, 205, 728 P.2d 138 (1986)). These principles of statutory construction militate against Delgado's suggested reading of the child rape statute.

More importantly, this court has specifically held that "[u]nder RCW 9A.44.073, the State must prove that the defendant penetrated, at a minimum, the lips of the victim's sexual organs." *State v. Bishop*, 63 Wn. App. 15, 19, 816 P.2d 738 (1991); *cf. State v. Snyder*, 199 Wash. 298, 300-01, 91 P.2d 570 (1939) (stating that " 'it is not necessary that the penetration should be perfect, the slightest penetration of the body of the female by the sexual organ of the male being sufficient' ") (quoting 52 C.J. 1015, § 24(b)). This court has also held—in response to the same argument

proffered by Delgado in this case—that for purposes of RCW 9A.44.010(1), "vagina means all of the components of the female sexual organ" and specifically, that "the labia minora are part of the statutory definition of vagina." *State v. Montgomery*, 95 Wn. App. 192, 200-01, 974 P.2d 904 (1999). These decisions are soundly reasoned, reflective of well-established principles of statutory construction, and directly applicable to this case. Thus, Delgado's conviction for first degree rape of a child is affirmed.

2. Sentence

▇▇▇ RCW 9.94A.030(31)(b)—commonly referred to as the persistent offender statute or the "two strikes" statute—contains a list of crimes to be considered "strikes" for purposes of sentence enhancement under the POAA.[2] At trial, the State argued that Delgado's 1986 conviction for first degree statutory rape should be counted as a strike.[3] The trial court rejected the State's argument because statutory rape is not one of the sex crimes specifically listed in the two strikes statute.

We recently rejected such a reading of the two strikes statute as it applies to out-of-state convictions. In *State v. Lawrence*, 108 Wn. App. 226, 31 P.3d 1198 (2001), the appellant argued that the two strikes statute "applies only to offenses specifically named in that statute" and that "whether an out-of-state conviction constitutes a strike turns, not on the acts committed, but on the name assigned to the offending conduct by the foreign jurisdiction."

---

[2] At the time of Delgado's trial, RCW 9.94A.030(31) defined a persistent offender as an offender who:

(b)(i) Has been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by forcible compulsion; . . . and

(ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection.

[3] In 1986, RCW 9A.44.070(1) defined first degree statutory rape as follows: "A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old."

*Lawrence*, 108 Wn. App. at 241. We held that the two strikes statute "does not require such an absurd result" and that instead, whether an out-of-state conviction counts as a strike turns on the conviction's factual equivalency to one of the crimes listed in the statute. *Lawrence*, 108 Wn. App. at 241.

The same reasoning is applicable to this case. The POAA is intended to deter criminals who repeatedly commit serious offenses and to segregate those criminals from the rest of society. *See State v. Thorne*, 129 Wn.2d 736, 775, 921 P.2d 514 (1996). It is consistent with this purpose that the applicability of the two strikes statute turn on the comparability of criminal conduct rather than nomenclature as Delgado suggests.

In any event, the Legislature's recent amendment of the two strikes statute puts this issue to rest. The amendment to RCW 9.9A.030 addresses any ambiguity that may exist "regarding whether out-of-state convictions or convictions under prior Washington law, for sex offenses that are comparable to current Washington offenses, count when determining whether an offender is a persistent offender." Specifically, the amendment "is intended to clarify the legislature's intent that out-of-state convictions for comparable sex offenses and prior Washington convictions for comparable sex offenses shall be used to determine whether an offender meets the definition of a persistent offender." ESSB 5013, 57th Leg., Reg. Sess. § 1 (2001). Accordingly, the Legislature has changed RCW 9.94A.030(31)(b)(ii) to include convictions for "any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection." ESSB 5013, 57th Leg., Reg. Sess. § 2(31)(b)(ii) (Wash. 2001).

Amicus acknowledges that the amendment clearly reflects the Legislature's intent that comparable convictions under prior Washington law be counted as strikes under the POAA. Instead, amicus argues—without citation to any authority—that because the amendment did not take effect until July 22, 2001, it is not retroactive and thus does not apply to Delgado's conviction.

"The authority of the Legislature to clarify its own enactments and apply such clarifications retroactively has long been upheld in our law." *McGee Guest Home, Inc. v. Dep't of Soc. & Health Servs.*, 142 Wn.2d 316, 326, 12 P.3d 144 (2000). An amendment is applied retroactively if it is curative in nature, i.e., " 'if it clarifies or technically corrects an ambiguous statute.' " *McGee*, 142 Wn.2d at 325 (quoting *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 461, 832 P.2d 1303 (1992)). Here, it is clear that the Legislature amended the statute to address potential ambiguity regarding cases such as the one presently before the court.

We hold that the recent amendment to RCW 9.94A.030 controls our decision in this case and applies retroactively to Delgado's conviction. Accordingly, this case should be remanded for resentencing.

Affirmed and remanded for resentencing.

BECKER, A.C.J., and WEBSTER, J., concur.

Review granted at 146 Wn.2d 1008 (2002).