[No. 27104-4-II.   Division Two.   January 3, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES H. ROBINSON, *Appellant*.

*John F. Raymond*, for appellant (appointed counsel for appeal).

*Juelie B. Dalzell, Prosecuting Attorney*, and *Michael E. Haas, Deputy*, for respondent.

HUNT, C.J. — Charles H. Robinson appeals his conviction for first degree child molestation and his sentence to life imprisonment without the possibility of parole. He argues that the trial court erred in excluding testimony of a jail acquaintance and in finding him to be a persistent offender under former RCW 9.94A.030(29) (1999). Finding no reversible error, we affirm.

## FACTS

A jury convicted Robinson of first degree child molestation. At sentencing, the State presented evidence of Robinson's previous California conviction[1] for a lewd and lascivious act with a child under the age of 14, contrary to CAL. PENAL CODE § 288(a) (Deering).[2] Specifically, Robinson performed fellatio or fondled the genitalia of a six-year-old

---

[1] In their briefs and at sentencing, the parties refer to the defendant's violation of CAL. PENAL CODE § 288(a) (Deering) as a "conviction"; the Clerk's Papers show that a Charles H. Robinson, presumably the defendant, pleaded guilty. It appears that the California documents in the Clerk's Papers at 34-50 use the terms "plea" and "conviction" interchangeably.

[2] CAL. PENAL CODE § 288(a) provides:

Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age

or had the six-year-old fondle him for purposes of Robinson's sexual gratification. The sentencing court found this prior California conviction comparable to felony child molestation in the state of Washington.

Based on this prior California conviction, the sentencing court found Robinson to be a "persistent offender" under former RCW 9.94A.030(29)(b)(i)-(ii) and sentenced him to life in prison without the possibility of parole.

## ANALYSIS

### PERSISTENT OFFENDER STATUS

Robinson argues that his California conviction for lewd and lascivious acts with a child under 14 should not count as a prior conviction in Washington for purposes of persistent offender status under former RCW 9.94A.030(29)(b)[3] because former RCW 9.94A.030(29)(b)(i) does not expressly include "lewd and lascivious acts with a child" among the enumerated crimes. We disagree.

■ Division One of this court has specifically rejected this reading of the same version of Washington's "two strikes" law in *State v. Lawrence*, 108 Wn. App. 226, 31 P.3d 1198 (2001), *review denied*, 145 Wn.2d 1037 (2002). Just as Robinson argues here,

> Lawrence claim[ed] that whether an out-of-state conviction constitutes a strike turns, not on the acts committed, but on the

---

of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

[3] Former RCW 9.94A.030(29) provided in relevant part:

"Persistent offender" is an offender who:

. . . .

(b)(i) Has been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by forcible compulsion; . . . .

(ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection.

name assigned to the offending conduct by the foreign jurisdiction.

The statute does not require such an absurd result. The statute lists certain substantive crimes and counts the convictions for those crimes whether committed in Washington or elsewhere. Whether an out-of-state conviction is equivalent to a crime listed in the statute requires a factual inquiry into the elements. Lawrence's crime involves both threat and use of actual force, and a resulting injury. Thus, Lawrence's prior conviction was for a crime with elements the same as those of a crime named in Washington's statute. It is a strike under Washington law.

*Lawrence*, 108 Wn. App. at 241. The *Lawrence* court held that whether an out-of-state conviction counts as a "strike" depends, not on the name of the crime committed in another state, but rather on a "factual inquiry into the elements." *Id.*[4]

We decline Robinson's invitation to adopt a strict test whereby we compare the enumerated statutory elements of an out-of-state-conviction to see if they match the statutory elements in the Washington analogue. *Cf. State v. Russell*, 104 Wn. App. 422, 442-43, 16 P.3d 664 (2001).[5] Rarely will courts find a perfect, one-to-one match between the statutory elements of different states' corresponding crimes. Rather, we, like Division One, read the persistent offender statute and its purpose as articulating the legislature's intent that the underlying conduct or facts of the crimes be compared. Accordingly, we adopt Division One's reasoning in *Lawrence*.

---

[4] Division One reiterated this holding while considering a more recent version of the statute, RCW 9.94A.030(31)(b): "It is consistent with [the statute's] purpose that the applicability of the two strikes statute turn on the comparability of criminal conduct rather than nomenclature . . . ." *State v. Delgado*, 109 Wn. App. 61, 67, 33 P.3d 753 (2001), *review granted in part*, 146 Wn.2d 1008 (2002).

[5] In *Russell*, we advanced a three-part test for determining the sentencing consequences of an out-of-state conviction for "three strikes" persistent offender status under former RCW 9.94A.360(3). But as we noted in that case, "[T]he effort is to ensure that the out-of-state court found each element of the Washington counterpart crime, just as a Washington court would have if the defendant had been prosecuted here." *Russell* 104 Wn. App. at 443.

The underlying facts of Robinson's California conviction involved performing fellatio on a six-year-old boy and fondling the boy's genitals.[6] The statutory elements of California *Penal Code* § 288(a) (lewd and lascivious acts upon a child)[7] and Washington's child rape and molestation statutes[8] differ. Nonetheless, performing fellatio on a six-year-old (14-year-old statutory threshold) in California is clearly comparable to at least first degree child molestation[9] in Washington (12-year-old statutory threshold). And first degree child molestation is a prior strike under Washington's former persistent offender statute, RCW 9.94A-.030(29)(b)(i).

Accordingly, we hold that the trial court correctly classified Robinson as a persistent offender and committed no error in sentencing him to life in prison without the possibility of parole. Thus, we affirm.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.

Petition for review granted, decision of the Court of Appeals vacated, and case remanded to the trial court for resentencing at 149 Wn.2d 1032 (2003).

---

[6] In addition to the facts in the presentence report, Deputy Godsey testified that Robinson admitted to being a convicted sex offender and that Robinson told him, " 'To be honest with you,' or 'To be blunt with you, I let him f**k me, and then I sucked him off.' " Report of Proceedings at 60.

[7] *See supra* n.2 for the text of California *Penal Code* § 288(a).

[8] Washington's child rape and molestation statutes are RCW 9A.44.073, .076, .079, .083, .086, and .089.

[9] RCW 9A.44.083 defines first degree child molestation as follows:

(1) A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

(2) Child molestation in the first degree is a class A felony.