[No. 66967-2-I.   Division One.   September 6, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. A.M., *Appellant*.

*John A. Hays*, for appellant.

*Susan I. Baur*, *Prosecuting Attorney*, and *Amie L. Hunter*, *Deputy*, for respondent.

¶1 BECKER, J. — We reverse a conviction for first degree child rape because the required element of "sexual intercourse" was not established. The juvenile court found that the defendant penetrated the victim's buttocks but not his anus. Because the requirements for remanding to enter a conviction for an attempted rape are also not met, and double jeopardy would be violated by remanding to allow the court to convict on the alternative charge of child molestation, the case must be dismissed with prejudice.

¶2 Appellant AM was 11 years old on March 27, 2008. He had two younger brothers, KM (about 9) and JM (about 7). JM was friends with RD, a neighbor boy of the same age who is the alleged victim.

¶3  RD and JM were playing together at JM's house. RD's 16-year-old sister Jaime was babysitting. Jaime's friend, Hayley, was also at the house. According to Jaime's testimony at trial, Hayley approached her and told her she overheard the boys talking about a recent incident where AM placed his "wiener" in RD's "butt." Jaime confronted RD and JM, and they confirmed that it happened. They told Jaime they would show her where it happened and led her to AM's room. AM was in his room. He denied the allegations. RD and JM told AM to stop lying.

¶4  RD and Jaime went back home and told their parents. The parents called the police. RD described the incident to a police officer and indicated that AM did the same thing to JM. When interviewed by the same officer, JM at first said nothing happened between his brother and RD, but later said his brother raped RD. When asked if he knew what rape was, JM indicated he did not.

¶5  AM denied the allegations. The State charged him with rape of a child in the first degree and, in the alternative, child molestation in the first degree.

¶6  The case came on for trial in juvenile court in February 2010, combined with a hearing on the admissibility of various child hearsay statements. RD was the principal witness. While hesitant to talk about what he called the "bad thing" that happened, RD eventually described how he and JM were playing outside and then went into AM's room. AM told RD to get down as he wanted to play a game. While AM stood up behind him, RD kneeled down. At AM's suggestion, RD took his pants and underwear down to his feet. He testified that AM "stuck his wiener in my poop — butt" and "it felt bad." When the prosecutor asked for specifics on the extent of the touching, RD was not willing to say that AM's "wiener" went inside his body:

Q. Okay. Where did it go?

A. It just touched the outside of the part where it's almost inside.

Q. Okay. I didn't understand that. Can you say that a little louder and help me?

A. The part where it almost inside but outside a little.

Q. Okay. You know you have two butt cheeks, right?

A. Uh-huh.

Q. Was it outside the butt cheeks or was it inside the butt cheeks?

A. Outside but up — it was — it was almost inside.

RD said it lasted a "medium" amount of time. What he felt was "round," "hard," and "cold." He said after it happened, AM told him to keep it a secret. RD left the room and went home.

¶7 The court made an oral ruling finding RD's testimony to be reliable and finding AM guilty of the charge of rape of a child in the first degree. The court did not, however, find that there was penetration of the anus:

> And, the only real question to me in this case is whether it was penetration, which would make it rape or whether it was child molestation.
>
> . . . .
>
> And there is a difference between anus and his buttocks. And, I am not saying that — that [AM] penetrated the anus and I don't believe he — we didn't have any discussion about that. I believe it is sufficient that he did penetrate the buttocks. If I'm wrong on that, then there would be — this would be a child molestation in the first degree. But, I believe I am accurate on that, penetration, however slight.

¶8 The court entered findings of fact and conclusions of law supporting the rape conviction. Finding of fact 11 states there "was penetration of the buttocks, but not the anus." This appeal followed.

## FIRST DEGREE CHILD RAPE

¶9 AM argues that "penetration of the buttocks, but not the anus" is insufficient to sustain a conviction for first

degree rape of a child because such conduct does not meet the statutory definition of "sexual intercourse." We agree.

¶10 Due process requires the State to prove beyond a reasonable doubt every essential element of a crime. *State v. Marohl*, 170 Wn.2d 691, 698, 246 P.3d 177 (2010). Where there are findings of fact, as in a bench trial, unchallenged findings of fact are verities on appeal. *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). Review is then limited to determining whether the findings of fact support the conclusions of law. *Alvarez*, 105 Wn. App. at 220. We review conclusions of law de novo. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007).

¶11 The statute that defines the offense of rape of a child in the first degree requires, among other things, that the perpetrator have "sexual intercourse" with the child:

> A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

RCW 9A.44.073(1). The term "sexual intercourse," for purposes of chapter 9A.44 RCW (sex offenses), "has its ordinary meaning and occurs upon any penetration, however slight." RCW 9A.44.010(1)(a). There are two additional and more specific definitions of the term, but they are not at issue in this case as the State has not argued they are applicable.[1]

---

[1] "Sexual intercourse"

(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.

RCW 9A.44.010(1). " 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

¶12 Whether penetration of the buttocks is "sexual intercourse" appears to be an issue of first impression in Washington. Resolution of this issue requires statutory interpretation. The meaning of a statute is a question of law we review de novo. *Marohl*, 170 Wn.2d at 697. Our primary duty in interpreting a statute is to ascertain and give effect to the intent and purpose of the legislature. *State v. Delgado*, 109 Wn. App. 61, 65, 33 P.3d 753 (2001), *rev'd in part on other grounds*, 148 Wn.2d 723, 63 P.3d 792 (2003). Generally, statutes are to be construed according to their evident intent and purpose. *State v. Montgomery*, 95 Wn. App. 192, 200, 974 P.2d 904, *review denied*, 139 Wn.2d 1006 (1999). Words in statutes are to be understood in their ordinary and popular sense. *Montgomery*, 95 Wn. App. at 200. Further, a court should read a statute to avoid strained or absurd consequences that could result from a literal reading. *Delgado*, 109 Wn. App. at 65. Accordingly, we read all of RCW 9A.44.010(1) together. *See Montgomery*, 95 Wn. App. at 200.

¶13 The issue is whether the "ordinary meaning" of the term "sexual intercourse" encompasses penetration of the buttocks. To determine the ordinary meaning of a term, we may consult a dictionary. *Marohl*, 170 Wn.2d at 699. The State cites a variety of dictionary definitions tending to show that the term has evolved over the years so that it is no longer limited to heterosexual intercourse and that it includes anal intercourse even without penetration. None of the definitions examined, however, say that sexual intercourse occurs upon insertion of the penis in between the buttocks.

¶14 The State contends the buttocks are part of the anus, analogizing to cases in which we have held that the labia minora are part of the vagina. *Montgomery*, 95 Wn. App. at 200 (Vagina "means all of the components of the female sexual organ."); *Delgado*, 109 Wn. App. at 65-66 (following *Montgomery*). The State argues that because the buttocks protect the anus from penetration, they are like

the labia, which protect the vagina from penetration. This may be true to some extent, but it stretches credulity to maintain that the buttocks and anus are components of the same organ or that one is part of the other. A "buttock" is "either of the two rounded prominences separated by a median cleft that form the lower part of the back in man and consist largely of the gluteus muscles." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 305 (2002). In contrast, the "anus" is "the posterior opening of the alimentary canal." WEBSTER'S at 97. The two parts, albeit related, are distinct. And the legislature has not indicated that penetration of the buttocks alone is sufficient to be sexual intercourse.

¶15 We hold that penetration of the buttocks, but not the anus, does not meet the ordinary meaning of "sexual intercourse." Accordingly, we reverse the conviction for rape of a child in the first degree.

## ATTEMPTED RAPE AS A LESSER INCLUDED OFFENSE

¶16 The State contends that if the rape conviction is reversed, the case should be remanded for entry of a conviction for attempted child rape in the first degree.

¶17 "Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, *or of an attempt to commit the offense*." RCW 10.61.003 (emphasis added). Consistent with this statute, the rule has evolved that when an appellate court finds the evidence insufficient to support a conviction for a charged offense, it may remand the case and direct the trial court to enter judgment on a lesser included offense or lesser degree of the offense charged when the lesser offense was necessarily proved at trial. *State v. Garcia*, 146 Wn. App. 821, 830-31, 193 P.3d 181 (2008), *review denied*, 166 Wn.2d 1009

(2009) (reversing conviction for third degree assault and remanding for entry of the lesser fourth degree assault); *State v. Gilbert*, 68 Wn. App. 379, 388, 842 P.2d 1029 (1993); *State v. Cobelli*, 56 Wn. App. 921, 925-26, 788 P.2d 1081 (1989) (reversing conviction for possession with intent to deliver and remanding for entry of guilt on the lesser included offense of possession where the evidence of possession was undisputed).

¶18 On the basis of these authorities we conclude that when there is insufficient evidence to support a conviction for the completed crime, this court may consider remanding for entry of a conviction for an attempt. *See State v. Mannering*, 150 Wn.2d 277, 284, 75 P.3d 961 (2003) ("[A]n attempt to commit a crime is included in the crime itself.").

¶19 The State suggests remand is permissible if there is sufficient evidence to support a conviction for attempting the charged crime. That is not the correct test. The sufficiency of the evidence test asks whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Remand for conviction on a lesser offense, on the other hand, is proper "only if the record discloses that the trier of fact *expressly* found each of the elements of the lesser offense." *Green*, 94 Wn.2d at 235 (emphasis added). In other words, the rule is that the lesser offense must have "necessarily" been proved at trial. *Garcia*, 146 Wn. App. at 830.

¶20 Remand was found to be permissible in *Garcia*. There, a conviction for third degree assault was reversed because of insufficient evidence to prove the defendant intended to resist unlawful detention. We remanded for conviction on the lesser offense of fourth degree assault, which was necessarily proved by the trial court's express finding that the defendant pushed the victim. In the present case, there may have been sufficient evidence in this record to support a conviction for attempted child rape in the first degree, but

the record does not disclose that the trier of fact necessarily found all the elements of an attempt.

¶21 "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). While the underlying crime of rape of a child requires no proof of intent, there is an intent element in attempted rape of a child. *State v. Chhom*, 128 Wn.2d 739, 743, 911 P.2d 1014 (1996). "When coupled with the attempt statute, the intent required for attempted rape of a child is the intent to accomplish the criminal result: to have sexual intercourse." *Chhom*, 128 Wn.2d at 743.

¶22 The trial court made no finding concerning AM's intent. The court made the necessary findings concerning the respective ages of defendant and victim, that they were not married, and that the act occurred in Washington, but the only finding about what actually happened was that AM "put his penis inside Doe's buttocks" and there was "penetration of the buttocks, but not the anus." These findings do not necessarily constitute a finding that AM acted with the objective of having "sexual intercourse." At best, they indicate that AM acted with the objective of placing his penis in between RD's buttocks, an act which is not sexual intercourse.

¶23 Because it does not necessarily follow from the court's findings that AM intended to have sexual intercourse, we deny the State's request to remand for entry of a conviction for attempted first degree rape of a child.

## ALTERNATIVE CHARGE OF CHILD MOLESTATION

¶24 The State charged AM with first degree child molestation as an alternative to the charge of first degree rape of a child. The trial court stated in an oral ruling that if penetration of the buttocks was insufficient to convict for child rape, AM would still be guilty of child molestation. The

written findings and conclusions are silent as to whether AM was guilty of child molestation. The State contends that if the conviction for rape is set aside, the case should be remanded for the trial court to enter new findings and conclusions adjudicating AM guilty of the charge of child molestation in the first degree consistent with the court's oral ruling. AM responds that the State's proposal would violate his right to be free from double jeopardy because the trial court had the opportunity to convict him of child molestation and did not do so.

¶25 A juvenile court must enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts for each element of the crime and the evidence upon which the court relied in reaching its decision. JuCR 7.11(d).

¶26 A fact finder's silence in its verdict as to an alternative charge can operate as an acquittal that will bar further prosecution for that offense. *Green v. United States*, 355 U.S. 184, 190-91, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957); *State v. Hescock*, 98 Wn. App. 600, 609-11, 989 P.2d 1251 (1999). In *Hescock*, a juvenile was charged with forgery by falsely altering a document or, alternatively, by possessing an altered document with knowledge that it was altered. The juvenile court orally found the State had proved guilt under both alternative means. The written findings stated only that the juvenile committed forgery by the first alternative means. On appeal, the State conceded there was insufficient evidence to sustain the conviction for falsely altering a document. The State asked that the case be remanded to the juvenile court to consider the second alternative in light of the court's oral ruling. *Hescock*, 98 Wn. App. at 602-05. This court refused because the written findings and conclusions were unambiguously silent about the second alternative means of forgery. Where written findings and conclusions have an unambiguous meaning, they are not susceptible to being given a different meaning on appeal through resort to an examination of the lower court's oral ruling. *Hescock*, 98 Wn. App. at 606. The silence

was found to be an implied acquittal on the charge of forgery by the second alternative means. *Hescock*, 98 Wn. App. at 606, 609-11.

¶27 *Hescock* is on point in all material respects. AM was charged with two offenses on the basis of a single act. The oral ruling implies that the State proved AM was guilty of both offenses. Yet, just as in *Hescock*, there are no written findings or conclusions demonstrating that the court was convinced of his guilt on the child molestation charge. *See Hescock*, 98 Wn. App. at 607. Not only is there no conviction, there is no finding on whether AM inserted his penis into RD's buttocks for the purpose of gratifying a sexual desire. Such a finding would be necessary to establish the "sexual contact" element of first degree child molestation. RCW 9A.44.083(1). "Sexual contact" means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

¶28 The State's attempts to distinguish *Hescock* are unavailing. The fact that *Hescock* involved alternative means of committing one crime, while this case involves two different crimes charged in the alternative, is immaterial. And the State's assertion that the oral ruling in *Hescock* was more tentative than in this case is not only speculative but also irrelevant. The outcome is determined by the lack of written findings and conclusions relevant to the charge of child molestation. The finder of fact had full opportunity to convict AM of first degree child molestation but failed to do so. And no extraordinary circumstances prevented the court from doing so. *See Hescock*, 98 Wn. App. at 611.

¶29 The State cites the rule that remand is generally proper where a trial court enters a conclusion of law finding a defendant guilty of a crime but omits a finding on an essential element necessary to support that conclusion. *State v. Alvarez*, 128 Wn.2d 1, 19-22, 904 P.2d 754 (1995); *State v. Avila*, 102 Wn. App. 882, 886-87, 896-97, 10 P.3d 486 (2000), *review denied*, 143 Wn.2d 1009 (2001). In such a

case, if the omission of the finding was an inadvertent error rather than a determination that the State failed to meet its burden of proof on the element, the trial court has the discretion to supply the omitted finding. Remand is allowed because the omission is inconsistent with the conclusion of guilt. But here the trial court did not enter a written conclusion of guilt. Absent written findings or conclusions, we cannot rely on the oral ruling to show the trial court was convinced AM was guilty of child molestation. *Hescock* distinguished *Alvarez* precisely on this basis: "there are no written findings or conclusions on alternative (1)(b) that would demonstrate that the trial court was convinced of Hescock's guilt." *Hescock*, 98 Wn. App. at 607.

¶30 Similarly, this is not a case like *State v. Head*, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998), also cited by the State. In *Head*, after a bench trial, the trial court entered a judgment and sentence convicting the defendant of eight out of nine charged counts of theft but did not enter findings of fact and conclusions of law supporting the convictions. The Supreme Court remanded for entry of findings of fact and conclusions of law. That remedy is not available here. The difference, again, is that by convicting the defendant on theft charges, the trial court in *Head* demonstrated its conclusion that he was guilty of those charges. Here, because there is no conviction, acquittal on the charge of child molestation is implied.

¶31 We conclude that a remand to give the trial court another opportunity to enter written findings and conclusions on the child molestation charge would put AM in double jeopardy.

¶32 The adjudication is reversed. The charges shall be dismissed with prejudice.

GROSSE and APPELWICK, JJ., concur.

Reconsideration denied November 10, 2011.