# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 70021-9-I |
| Respondent, ) | DIVISION ONE |
| v. ) | UNPUBLISHED OPINION |
| L.R., ) | |
| Appellant. ) | FILED: April 28, 2014 |

APPELWICK, J. — L.R. argues that there is insufficient evidence to sustain his convictions for minor in possession of alcohol under RCW 66.44.270(2)(a) and for minor exhibiting the effects of alcohol in a public place under RCW 66.44.270(2)(b). The State concedes error on the former, but we find sufficient evidence to support the latter. We reverse and dismiss L.R.'s conviction under RCW 66.44.270(2)(a) and affirm his conviction under RCW 66.44.270(2)(b).

## FACTS

On June 12, 2012, at approximately 5:33 p.m., L.R.'s mother called the Bellingham Police to report that her son had been consuming alcohol. Then, around 5:49 p.m., L.R. called the police and requested a portable breath test (PBT) reading. The dispatcher noted that L.R. sounded drunk during the phone call.

At approximately 6:00 p.m., Officer Michael Shannon arrived at L.R.'s home. Officer Shannon noticed the L.R. had an overwhelming odor of alcohol on his breath. L.R.'s mother told Officer Shannon that L.R. had been at a friend's house earlier that day. The friend called L.R.'s mother to tell her that L.R. was intoxicated and needed to leave. L.R.'s mother explained that L.R. got home just before the police arrived.

At 6:10 p.m., L.R.'s PBT reading showed a breath alcohol content of .245. In Officer Shannon's opinion, L.R. was obviously intoxicated. L.R. was 17 years old at the time.

L.R.'s mother was concerned for her son's safety, because his intoxication level was so high. An ambulance was called to the scene, and emergency medical professionals determined that L.R. needed to be taken to the emergency room.

On June 19, 2012, the State charged L.R. with violation of RCW 66.44.270(2)(a) or RCW 66.44.270(2)(b). RCW 66.44.270(2)(a) makes it unlawful for any person under age 21 to "possess, consume, or otherwise acquire any liquor." RCW 66.44.270(2)(b) makes it unlawful for a person under age 21 "to be in a public place, or to be in a motor vehicle in a public place, while exhibiting the effects of having consumed liquor."

L.R. initially entered drug court. However, on December 11, 2012, a superior court commissioner entered a drug court termination order due to L.R.'s noncompliance. L.R.'s case proceeded to trial on stipulated facts. A commissioner found him guilty under both RCW 66.44.270(2)(a) and RCW 66.44.270(2)(b).

L.R. moved to revise the commissioner's verdict, arguing that the State's evidence was insufficient to support a finding of guilt.

On March 15, 2013, a superior court judge denied L.R.'s motion to revise and affirmed the commissioner's finding of guilt under RCW 66.44.270(2)(a) and RCW 66.44.270(2)(b). The superior court entered findings of fact and conclusions of law to that effect. It concluded that the State proved beyond a reasonable doubt that on June 12, 2012: L.R. was under 21; he consumed alcohol; he exhibited the effects of

2

consuming alcohol in Bellingham; and he was intoxicated and exhibited the effects of such intoxication in a public place in Bellingham.

L.R. appeals.[1]

## DISCUSSION

L.R. argues on appeal that there is insufficient evidence to support his convictions under RCW 66.44.270(2)(a) and RCW 66.44.270(2)(b). He does not challenge the superior court's findings of fact. Rather, he challenges the conclusions of law drawn from those facts.

Unchallenged findings of fact are verities on appeal. State v. A.M., 163 Wn. App. 414, 419, 260 P.3d 229 (2011). Our review is then limited to determining whether the findings of fact support the conclusions of law. Id. We review conclusions of law de novo. Id. Whether evidence is sufficient to support a conviction is an issue of law. State v. Drum, 168 Wn.2d 23, 33, 225 P.3d 237 (2010). We review the evidence in the light most favorable to the State. Id. at 34. The relevant question is whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Id. at 34-35.

## I. Sufficiency of the Evidence Under RCW 66.44.270(2)(a)

L.R. argues that his conviction under RCW 66.44.270(2)(a) must be reversed, because there is insufficient evidence to show that he possessed or consumed alcohol.

---

[1] L.R. appealed from the commissioner's original findings of fact and conclusions of law, dated January 15, 2013. However, once the superior court makes a decision on revision, the appeal is from the superior court's decision, not the commissioner's. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). Therefore, we review the superior court's findings and conclusions entered on March 15, 2013. See id.

L.R. points out that by the time he arrived home, the alcohol had already assimilated into his body and there was no corroborating evidence to prove his prior possession or consumption of alcohol in Washington. The State concedes error. We accept the State's concession. Accordingly, we reverse and dismiss L.R.'s conviction under RCW 66.44.270(2)(a) for insufficient evidence. State v. Hickman, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

II.   Sufficiency of the Evidence Under RCW 66.44.270(2)(b)

L.R. also argues that there is insufficient evidence to show that he exhibited the effects of having consumed liquor in a public place under RCW 66.44.270(2)(b).

RCW 66.44.270(2)(b) provides:

> It is unlawful for a person under the age of twenty-one years to be in a public place, or to be in a motor vehicle in a public place, while exhibiting the effects of having consumed liquor. For purposes of this subsection, exhibiting the effects of having consumed liquor means that a person has the odor of liquor on his or her breath and either: (i) Is in possession of or close proximity to a container that has or recently had liquor in it; or (ii) by speech, manner, appearance, behavior, lack of coordination, or otherwise, exhibits that he or she is under the influence of liquor.

The term "public place" includes "streets and alleys of incorporated cities and towns," as well as "state or county or township highways or roads." RCW 66.04.010(35). "[E]xhibiting the effects of having consumed liquor" has two conjunctive evidentiary requirements. See RCW 66.44.270(2)(b). First, the person must have the "odor of liquor on his or her breath" in a public place. Id. Second, the person must also either (1) be in possession of or close proximity to an alcohol container or (2) exhibit signs of intoxication by speech, manner, appearance, behavior, or lack of coordination in a public place. Id.

4

The trial court found that L.R. traveling home "from any other location, whether by automobile or on foot, would require travel through public thoroughfares." L.R. does not contest this finding and agrees that he was in a "public place" when he traveled home. However, L.R. argues that there is no evidence and the trial court did not find that he exhibited the effects of alcohol while en route to his home, as defined by the statute. The State urges us to infer that L.R. exhibited the effects of intoxication on his way home, because he was intoxicated at his friend's house and showed signs of intoxication later at his home.

The trial court made the following findings. L.R. was intoxicated at his friend's house and needed to go home as a result. L.R. was then in a public place on his way home. Around 5:33 p.m., L.R.'s mother called the police to report that L.R. had been consuming alcohol. L.R. sounded drunk on the phone when he called the police around 5:49 p.m. At 6:10 p.m., L.R.'s breath alcohol content was .245. Around the same time, Officer Shannon smelled an overwhelming odor of alcohol on L.R.'s breath and thought L.R. was obviously intoxicated. L.R.'s mother reported that L.R. got home just before the police arrived.

We do not know what time L.R. left his friend's house or whether he exhibited signs of intoxication there. However, L.R. clearly exhibited the effects of alcohol under RCW 66.44.270(2)(b)(ii) once he arrived home—he sounded drunk on the phone with the dispatcher and was obviously intoxicated to Officer Shannon. And, L.R. had the odor of liquor on his breath. The trial court could reasonably infer that L.R. exhibited these same effects of intoxication on his way home, because he was extremely intoxicated just after he arrived home. We therefore hold that the trial court's findings

5

are sufficient to support its conclusion of law that L.R. exhibited the effects of intoxication in a public place.[2]

We reverse and dismiss L.R.'s conviction under RCW 66.44.270(2)(a). We affirm L.R.'s conviction under RCW 66.44.270(2)(b).

_Appelwick, J._

WE CONCUR:

_Dwyer, Acj_               _Becker, J_

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED
2014 APR 28 AM 9: 38

---

[2] The parties dispute whether the introductory sentence to finding of fact 10 should actually be treated as a conclusion of law. The sentence states, "The following evidence indicated that [L.R.] was in a public place while intoxicated and exhibiting the effects of intoxicating liquor on June 12, 2012." The inference being drawn in this sentence could properly be drawn either as a fact or as a conclusion.