# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80278-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOSE GARFIAS LOPEZ, | |
| Appellant. | |

COBURN, J. — Jose Garfias-Lopez appeals his conviction following a bench trial of two counts of child molestation in the first degree for abusing his niece, A.G. Finding no error, we affirm.

## FACTS

In 2015, the State charged Garfias-Lopez with three counts of child molestation in the first degree pursuant to RCW 9A.44.083(1). Each count arose from Garfias-Lopez's alleged sexual contact with then 10-year-old A.G. in 2010. The case proceeded to a bench trial.

At trial, as to the incident alleged in count one, A.G. testified that Garfias-Lopez molested her when Garfias-Lopez asked her to change the lightbulb in his bedroom by standing on his lap. According to A.G., Garfias-Lopez rubbed A.G.'s thighs and hips and started breathing heavily while A.G. was standing on his lap.

Citations and pin cites are based on the Westlaw online version of the cited material.

As to the incident alleged in count two, A.G. testified that on multiple occasions, Garfias-Lopez took A.G. into the garage to try to teach her how to dance by grinding his body against hers.  She testified that Garfias-Lopez hugged her and touched her breasts and touched below her waist.  A.G. testified, "Sometimes [Garfias-Lopez] would tell me to kiss him on the cheeks, other times he would just kind of breathe heavy."

As to the incident alleged in count three, A.G. testified to attending a pool party at Garfias-Lopez's home.  A.G. was swimming when Garfias-Lopez called her into the garage.  She testified that in the garage Garfias-Lopez asked A.G. to take off her shorts.  A.G. said, "no."  Then, Garfias-Lopez continued to teach A.G. how to dance by standing behind her.  A.G. testified that Garfias-Lopez bent A.G. over at the waist so her head was by the ground, unzipped his pants, pulled his penis out, and grinded against her.  A.G. testified that while Garfias-Lopez grinded on A.G. she could feel his penis and he rubbed her hips.

The trial court found A.G.'s testimony credible.  It concluded the State proved Garfias-Lopez guilty beyond a reasonable doubt of child molestation in the first degree for the dancing incident and the pool party incident.[1]  However, it also concluded that because there was a reasonable doubt as to whether the lightbulb incident involved sexual contact pursuant to RCW 9A.44.010(2), the

---

[1] The trial court sentenced Garfias-Lopez to a minimum term of 89 months confinement on each convicted charge concurrent to each other.  The court also imposed a protection order protecting A.G. against Garfias-Lopez.

evidence was insufficient to find Garfias-Lopez guilty on that count. Garfias-Lopez appeals.

DISCUSSION

Garfias-Lopez argues the State failed to prove the two counts of child molestation in the first degree beyond a reasonable doubt. In other words, he asserts the evidence was insufficient for the trial court to find him guilty of two counts of child molestation. We disagree.

"The principles of due process require the State to prove beyond a reasonable doubt every essential element of a crime." State v. Marohl, 170 Wn.2d 691, 698, 246 P.3d 177 (2010). "To determine whether there is sufficient evidence to support a conviction, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." Id. at 698. "When a defendant challenges the sufficiency of the evidence, he or she admits the truth of all of the State's evidence." State v. Cardenas-Flores, 189 Wn.2d 243, 365, 401 P.3d 19 (2017).

To convict Garfias-Lopez of child molestation in the first degree, the State was required to prove beyond a reasonable doubt that Garfias-Lopez had "sexual contact" with A.G., when she was less than 12 years old and not married to Garfias-Lopez, and when Garfias-Lopez was at least 36 months older than A.G. RCW 9A.44.083(1); "Sexual contact" is "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of

3

either party or a third party." RCW 9A.44.010(2). "In determining whether the sexual contact element has been satisfied, we must look to the totality of the facts and circumstances presented." State v. Harstad, 153 Wn. App. 10, 21, 218 P.3d 624 (2009).

Here, the trial court found that each incident occurred when A.G. was approximately 10 years old, which is less than 12 years old, when Garfias-Lopez was more than 36 months older than A.G., and when Garfias-Lopez was married to his wife Diocelene Garfias Hernandez. Garfias-Lopez does not assign error to these findings and, thus, they are verities on appeal. State v. A.M., 163 Wn. App. 414, 419, 260 P.3d 229 (2011).

Furthermore, A.G. testified at trial that when Garfias-Lopez danced with A.G. in the garage, he grinded on her, touched her breasts and legs under her clothes, asked her to kiss him on the cheek, and breathed heavily. A.G. also testified that when Garfias-Lopez danced with A.G. in the garage during the pool party, he unzipped his pants, pulled his penis out, grinded on her, and rubbed her hips. Viewed in the light most favorable to the State, A.G.'s testimony was sufficient to satisfy the "sexual contact" element of each charge.

Garfias-Lopez contends that because testimony from his defense witnesses contradicted A.G.'s testimony, the State did not prove A.G.'s allegations beyond a reasonable doubt. But as discussed, in the context of a sufficiency challenge, we view the evidence in the light most favorable to the

State, and the defendant admits the truth of all of the State's evidence. Therefore, Garfias-Lopez's contention fails.

Garfias-Lopez next argues that reversal is required because A.G. was not credible. This argument fails because " '[c]redibility determinations are for the trier of fact' and are not subject to review." Cardenas-Flores, 189 Wn.2d at 266.

Finally, Garfias-Lopez asks us to "set aside" the "one witness" rule. Specifically, Garfias-Lopez asks us to determine "Where the charged crime is established by only one witness, who provides inherently contradictory testimony at trial we ask the Court to find that the witness . . . be deemed not credible or reliable enough as a matter of law, to cause a conviction in this case."

But "corroboration is not required in incest cases or other sex offenses, recognizing that '[s]uch offenses are rarely[,] if ever[,] committed under circumstances permitting knowledge and observation by persons other than the accused and the complaining witness, and not all such offenses are otherwise capable of corroboration.' " State v. Chenoweth, 188 Wn. App. 521, 535-37, 354 P.3d 13 (2015) (alteration in original) (quoting State v. Galbreath, 69 Wn.2d 664, 670, 419 P.2d 800 (1966)); see also RCW 9A.44.020(1) ("In order to convict a person of any crime defined in this chapter it shall not be necessary that the testimony of the alleged victim be corroborated."). Thus, that the factfinder

5

based its verdict on A.G.'s testimony alone does not require reversal.  We affirm.

_____
Coburn, J.

WE CONCUR:

_____        _____
Brennan, J.                                                    Chun, J.