IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36764-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CARLOS ANTHONY JAIME- | ) | |
| MCDOUGALL, a/k/a CARLOS JAMIE- | ) | |
| MCDOUGALL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Carlos Jaime-McDougall appeals his convictions for two counts

of child rape and one count of child molestation. We affirm his conviction, but remand

for resentencing pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

In 2015, four-year-old I.J.M.[1] made statements to her mother indicating she had been sexually assaulted by her then 19-year-old father, Carlos Jaime-McDougall. At the time of the disclosure, Mr. Jaime-McDougall did not live with I.J.M. and her mother. He had visitation with I.J.M. pursuant to a parenting plan. I.J.M.'s mother reported I.J.M.'s statements to law enforcement.

The State's investigation included a forensic interview of I.J.M. She told the interviewer Mr. Jaime-McDougall put his "privates in mine all the time." Ex. 1 at 15 min., 17 sec.; Verbatim Transcript of Exhibit No. 1 (Nov. 30, 2015) (VTE) at 21. Through the use of diagrams, I.J.M. identified the areas she referred to as "privates" as the areas of the front pelvis and buttocks. I.J.M. reported Mr. Jaime-McDougall touched her privates with his hand and put his fingers inside her body. I.J.M. referred to her buttocks as her "booty."

The interviewer asked I.J.M. whether anyone had ever shown her their privates. I.J.M. responded that Mr. Jaime-McDougall had. The interviewer then asked where Mr.

---

[1] To protect the privacy interests of the child victims, we use their initials throughout this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/ appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

Jaime-McDougall's privates went. I.J.M. said "in here," while pointing to her "privates,"

and "in my booty too," while pointing to her buttocks. Ex. 1 at 0:21:34; VTE at 28. As

I.J.M. pointed, she moved her arm back and forth.

The interviewer presented I.J.M. with a diagram of an adult man. I.J.M. was asked

to draw a circle around the part of the body Mr. Jaime-McDougall used to touch her

privates. I.J.M. drew a circle around the figure's hand. The interviewer asked if Mr.

Jaime-McDougall had ever touched her privates or put something in her privates with

any other part of his body. I.J.M. answered, "no." Ex. 1 at 22 min., 48 sec.; VTE at 29.

The interviewer then asked I.J.M. to indicate on the diagram where Mr. Jaime-

McDougall's privates were. I.J.M. circled the area around the penis. The interviewer then

again asked, with the diagrams previously used by I.J.M. to identify her privates, where

Mr. Jaime-McDougall's privates went. I.J.M. pointed to the previously-identified areas of

the pelvis and buttocks. When asked where her mother spanked her, I.J.M. said, "my

booty." Ex. 1 at 24 min., 29 sec.; VTE at 31-32.

The State charged Mr. Jaime-McDougall with two counts of first degree child rape

and one count of first degree child molestation. Trial took place when I.J.M. was eight

years old. At trial, the State played the recording of I.J.M.'s forensic interview. It also

3

introduced the diagrams used by I.J.M. during her interview. I.J.M. testified, but could not recall the details of the assaults.

During closing, the State differentiated the two counts of child rape. The State explained one count pertained to vaginal penetration and the other pertained to anal penetration. The jury found Mr. Jaime-McDougall guilty on both counts of child rape and the count of child molestation.

At his sentencing, Mr. Jaime-McDougall's attorney recommended a low-end sentence of 209 months. The court accepted this recommendation and imposed a 209-month sentence, to be followed by a lifetime term of community custody.

Mr. Jaime-McDougall now appeals.

## ANALYSIS

*Sufficiency of evidence*

Mr. Jaime-McDougall contends the State did not prove one of the two counts of child rape because the evidence failed to show anal penetration. We disagree.

The standard governing a challenge to the sufficiency of the State's evidence is rigorous. We view the evidence in the light most favorable to the State and ask "whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *State v. Marohl*, 170 Wn.2d 691, 698, 246 P.3d 177 (2010). As part of our

sufficiency analysis, we do not engage in credibility determinations. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004), *aff'd*, 166 Wn.2d 380, 208 P.3d 1107 (2009). We "must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *Id*. at 874-75.

"A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." RCW 9A.44.073. "Sexual intercourse" is defined as having "its ordinary meaning" and "any penetration of the vagina or anus however slight, by an object, when committed on one person by another." RCW 9A.44.010(1)(a), (b). Proof that the defendant penetrated the victim's buttocks, but not the anus, is insufficient to establish "sexual intercourse" and therefore child rape. *State v. A.M.*, 163 Wn. App. 414, 421, 260 P.3d 229 (2011).

While the State's evidence of anal penetration was not overwhelming, it was sufficient. I.J.M. indicated Mr. Jaime-McDougall's "privates," i.e., his penis, went in her "privates," i.e. her vagina, and "booty." Ex. 1 at 21 min., 34 sec.; VTE at 30. This was accompanied by I.J.M. thrusting her arm back and forth, while pointing at her buttocks, in a way evocative of sexual intercourse. From this testimony, the jury could reasonably

5

infer I.J.M. was describing anal penetration. Inconsistencies in I.J.M.'s testimony were

for the jury to resolve, they are not an issue for appeal.[2]

*Sentencing claims*

Mr. Jaime-McDougall raises several claims regarding the legality of his sentence,

one of which is dispositive. After Mr. Jaime-McDougall's case was submitted, the

Supreme Court decided *Blake*, which voided Washington's criminal law prohibiting

possession of controlled substances. Mr. Jaime-McDougall has a prior conviction for

possession of controlled substances. That conviction was used to enhance his standard

sentencing range. The parties agree that, in light of *Blake*, Mr. Jaime-McDougall is

entitled to resentencing based on an offender score that does not include the controlled

substances conviction. We agree with this assessment. Because Mr. Jaime-McDougall

will be resentenced, we need not address his remaining sentencing claims.

---

[2] The State interprets Mr. Jaime-McDougall's sufficiency challenge to also raise a double jeopardy claim. We do not read Mr. Jaime-McDougall's brief in this manner. To the extent Mr. Jaime-McDougall intended to raise a double jeopardy challenge, his claim will not be reviewed as it is inadequately briefed. *Thomas*, 150 Wn.2d at 868-69.

No. 36764-9-III
*State v. Jaime-McDougall*

## CONCLUSION

Mr. Jaime-McDougall's convictions are affirmed, but this matter is remanded for resentencing pursuant to *Blake*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.